501 P.2d 399

**Ramiro G. GARZA, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Centennial Valley Farms, Respondent Employer,**

**Continental Casualty Company, Respondent Carrier.**

**No. I CA–IC 696.**

Court of Appeals of Arizona, Division 1, Department A.

Sept. 28, 1972.

Langerman, Begam & Lewis, by Jack Levine, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Spencer K. Johnston, Phoenix, for respondent carrier.

STEVENS, Presiding Judge.

Following the filing of our opinion (17 Ariz.App. 525, 498 P.2d 599), the Commission and the carrier each filed its motion for rehearing. The petitioner-employee joined issue on both motions.

The Commission takes issue with that portion of our opinion covered by headnotes 3 and 4 set forth in the reported decision on page 529 of 17 Ariz.App. and on page 603 of 498 P.2d. This relates to the absence of a showing of a Commission determination of the average monthly wage.

The carrier joins the Commission in this respect and further urges error in our holding as to that portion of the opinion which bears the subheading "SUSPENSION OF BENEFITS", 17 Ariz.App. at 529, 498 P.2d at 603.

■ To the first point both the Commission and the carrier cite A.R.S. § 23-108.-03.[1] In support of this point a certified copy of a Commission resolution dated 5 May 1970 was forwarded to the Court. This resolution states, in part:

"NOW, THEREFORE, BE IT RESOLVED that the Claims Manager and Assistant Claims Manager of The Industrial Commission of Arizona are hereby authorized to make average weekly and average monthly wage determinations pursuant to the provisions of Title 23, Chapters 6 & 7, A.R.S.; and

BE IT FURTHER RESOLVED that Margaret Scofield, Marion Rumble, Ferne Lindberg, Karen Hamilton and Marie Edlund are hereby authorized to make average weekly and average monthly wage determinations pursuant to the provisions of Title 23, Chapters 6 & 7, A.R.S."

The Judges participating in this opinion have no recollection of being heretofore informed as to the resolution. This Court will not take judicial notice of the presence or absence of Commission resolutions

---

1. § 23-108.03. Performance of certain powers and duties
   A. The industrial commission shall be responsible for determining the policy of the commission.
   B. Any powers and duties prescribed by law to the commission in chapters 1, 2, 3, 6 and 7 of this title, whether ministerial or discretionary, may by resolution be delegated by the commission to the director or any of its department heads or assistants, provided, that the commission shall not delegate its power or duty to:
   1. Make rules and regulations.
   2. Commute awards to a lump sum.
   3. License self-insurers.
   C. The commission shall be responsible for the official acts of its employees acting in the name of the commission and by its delegated authority.

adopted pursuant to the authority of A.R.S. § 28–108.03. The employee urges that this Court should not permit the record to be so enlarged. While this position has merit, we do not find it necessary to rule thereon. The Commission urges it would be a great burden to require that a copy of the resolution be in each claims file. In reply we point out the rationale of Land v. Industrial Commission of Arizona cited in the opinion of this Court. (17 Ariz.App. at 529, 498 P.2d at 603).

The "notice of average monthly wage" which bears date of 30 December 1970 is silent as to any hint of authority. The paper in the file certified to this Court is a carbon copy. The signature is a rubber stamp and reads "M. Scofield". The full name specified in the Commission's resolution was not used. We suggest that as a minimum the notice could contain some alerting information, as a possible example:

"Authorized signature
Commission Resolution of 5 May 1970
A.R.S. § 23–108.02."

 It is urged that since the briefs did not raise the issue as to the propriety of the 30 December wage determination this Court was precluded from doing so on its own. We do not agree. In our opinion we quoted A.R.S. § 23–1061, subsec. F which, in the absence of a delegation under A.R.S. § 23–108.03, mandates that the Commission fix the average monthly wage. Where the face of the record shows a requirement of Commission action and an absence thereof this Court will not hesitate to take notice of the absence.

We reaffirm our holding. The 15 January 1971 request for hearing protesting the determination of the average monthly wage was timely and was proper based upon either of the two theories under which it was upheld.

On the matter of the suspension of benefits raised by the carrier in its motion for rehearing, we reaffirm our holding as to the burden of proof and that the employee

neither waived nor abandoned that phase of his requested hearing. The carrier urges that the employee has not demonstrated a loss while on the other hand early in the proceedings before this Court the carrier requested a remand urging that the award did not define the benefits to which the employee was entitled. See that portion of our opinion with the subheading "REMAND BEFORE OPINION", 17 Ariz.App. at 530, 498 P.2d at 604.

The filing of this supplemental opinion will constitute an order denying the motions for rehearing and each of them.

CASE and DONOFRIO, JJ., concur.