528 P.2d 184

**Robert P. MENDOZA, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Walter Shanahan Masonry, Inc., Respondent Employer,**

**United States Fidelity and Guaranty Company, Respondent Carrier.**

**No. 1 CA–IC 995.**

Court of Appeals of Arizona, Division 1, Department B.

Nov. 21, 1974.

Rehearing Denied Jan. 13, 1975.

Review Denied Feb. 25, 1975.

**434**

Alston, Bailey & Edwards by Cecil A. Edwards, Jr., Phoenix, for petitioner.

Edward F. Cummerford, Chief Counsel, Industrial Commission of Arizona by Greg L. Folger, Phoenix, for respondent.

Moore & Romley by Craig R. Kepner, Phoenix, for respondents employer and carrier.

## OPINION

JACOBSON, Chief Judge, Division 1.

The question dispositive of this case on appeal is twofold: (1) whether the Industrial Commission may properly delegate its authority to fix the average monthly wage of injured workmen by resolution to designated department heads and (2) if so, whether such resolution must be certified and filed with the Secretary of State to be effective.

The facts pertinent to this appeal are as follows: Petitioner was injured on November 17, 1971 while in the employ of respondent employer. His injury was accepted by respondent carrier as compensable. On December 30, 1971, the Commission issued its Notice of Average Monthly Wage in the amount of $601.02 and this notice was signed by "M. Scofield." Petitioner did not protest this determination. Prior thereto, on May 5, 1970, the Industrial Commission adopted a resolution which stated in part:

"NOW, THEREFORE, BE IT RESOLVED that the Claims Manager and Assistant Claims Managers of The Industrial Commission of Arizona are hereby authorized to make average weekly and average monthly wage determinations pursuant to the provisions of Title 23, Chapters 6 & 7, A.R.S.; and

"BE IT FURTHER RESOLVED that Margaret Scofield, Marion Rumble, Ferne Lindberg, Karen Hamilton and Marie Edlund are hereby authorized to make average weekly and average monthly wage determinations pursuant to the provisions of Title 23, Chapters 6 & 7, A.R.S."

It was stipulated that the "M. Scofield" who signed the Notice of Average Monthly Wage is the same person as "Margaret Scofield" named in the resolution.

Ultimately it was determined that petitioner was entitled to an award for an unscheduled permanent partial disability. In April of 1973, following petitioner's request for hearing, the hearing officer found that petitioner had sustained a 46.82% reduction of earning capacity and was entitled to receive $154.78 per month. This award was affirmed by the Commission in May of 1973. Petitioner then filed a Petition for Writ of Certiorari with this court.

Petitioner contends that the Commission is not authorized to delegate its authority to determine the average monthly wage to Commission employees and that even if such authority existed, the delegation in this instance is invalid as the resolution was neither certified nor filed with the Secretary of State. Respondent argues that as the petitioner failed to timely protest the average monthly wage determination it is *res judicata*. However, such a defense presupposes that the average monthly wage determination was proper for if it was void from its inception, the doctrine of *res judicata* would never come into play. Petitioner is not claiming that the initial determination was erroneous, as in Pinkerton v. Industrial Commission, 15 Ariz.App. 275, 488 P.2d 480 (1971) or Russell v. Industrial Commission, 104 Ariz. 548, 456 P.2d 918 (1969), but rather that the attempt to make the determination was unauthorized so that the holdings in those cases are not applicable to the argument presented here. We are thus presented

with the determination of the validity of the initial average monthly wage determination.

A.R.S. § 23–108.03(B) (1956) provides in part:

"Any powers and duties prescribed by law to the commission . . . whether ministerial or discretionary, may by resolution be delegated by the commission to the director or any of its department heads or assistants, provided, that the commission shall not delegate its power or duty to:

"1. Make rules and regulations.

"2. Commute awards to a lump sum.

"3. License self-insurers."

As implied in Garza v. Industrial Commission, 18 Ariz.App. 223, 225, 501 P.2d 399, 401 (1972), the Commission does have the authority under this statutory provision to delegate its power under A.R.S. § 23–1061(F) (Supp.1974) to fix the worker's average monthly wage. We agree with this implication and now hold that the May 5, 1970 resolution, the pertinent portion of which is set forth above, was a proper exercise of the Commission's power of delegation. However, petitioner argues that under the Administrative Procedure Act, a state commission must certify and file each of its rules with the Secretary of State, A.R.S. § 41–1004(A) (Supp.1973), and that the resolution of May 5, 1970 is such a "rule."

A "rule" is defined by the Act as:

" . . . each [commission] statement of general applicability that implements, interprets or prescribes law or policy, or describes the organization, procedure or practice requirements of any [commission]. The term . . . does not include *statements concerning only the internal management of any [commission] and not affecting private rights* or procedures available to the public, or . . . intra-agency memoran-

da." A.R.S. § 41–1001(7) (Supp.1973). (Emphasis added.)

In our opinion, the resolution delegating authority to establish average monthly wages involves the internal functioning of the Commission. Petitioner nevertheless urges that his *private right* to have the Commission itself determine the amount of compensation he will receive has been affected so that the resolution needs to be filed with the Secretary of State. However, such is not the case. A.R.S. § 23–1061(F) (Supp.1974) provides:

" . . . Within thirty days of the payment of the first installment of compensation, the carrier or self-insuring employer shall notify the employee and commission of the average monthly wage of the claimant as calculated, and the basis for such determination. The commission shall thereupon make its own independent determination of the average monthly wage pursuant to § 23–1041 . . . ."

The resolution here merely delegated the authority to make this A.R.S. § 23–1041 (Supp.1974) mathematical calculation to an employee. The petitioner's right to be heard regarding this determination is left intact and only the Commission's internal management has been affected.

It is also contended that the Commission failed to fulfill the requirements of Garza v. Industrial Commission, 18 Ariz.App. 223, 225, 501 P.2d 399, 401 (1972) by not having a certified copy of the resolution appear in each claimant file. However, in our opinion, the procedure suggested by *Garza* is merely a suggestion and does not destroy the delegated authority vested by the resolution.

As the resolution was a valid delegation of the Commission's authority and it was not a "rule" for the purposes of the Administrative Procedure Act, the award of the Industrial Commission is affirmed.

HAIRE, P. J., and EUBANK, J., concur.