450 P.2d 113

**William MUELLER, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona and International Metal Products Division of McGraw Edison Company, Respondents.**

**No. 1 CA–IC 229.**

Court of Appeals of Arizona.

Feb. 10, 1969.

Morgan & Jerome, by D. A. Jerome, Phoenix, for petitioner.

Shimmel, Hill, Kleindienst & Bishop, by Merton E. Marks, Phoenix, for respondent International Metal Products Division of McGraw Edison Co.

Robert D. Steckner, Phoenix, Chief Counsel, by Courtney L. Varner, for respondent.

STEVENS, Judge.

This case is before the Court by writ of certiorari to examine the lawfulness of an award of The Industrial Commission affiming amended findings and award for temporary disability, which was issued by the Commission on 8 August, 1968.

The petitioner suffered a strained shoulder as the result of an industrial accident which occurred on 19 May, 1967. The findings and award determining that the petitioner had suffered a temporary disability, and awarding accident benefits in compensation therefor, was issued on 31 August, 1967, and an amended award was issued on 11 September, 1967. The award was protested, and a petition for hearing was timely filed. The matter was set for hearing, the final date being 11 July, 1968. The record of The Industrial Commission reflects the following chronology of events:

3 June, 1968—Notice of change in time or place of hearing mailed to, among others, the petitioner at the address that then appeared in the claim file, 8140 West Verde Lane, Phoenix 85033, and to his then counsel of record, at his office address. This is verified by Rachael Kirby, an employee of The Industrial Commission.

7 June, 1968—Letter of 5 June, 1968 from petitioner's attorney of record notifying the Commission that he is withdrawing as counsel, endorsed, carbon copy to petitioner at the address Route 1, Box 469, Peoria, Arizona 85345. ·

7 June, 1968—Letter from the Referee in charge of this claim to the petitioner at the Peoria, Arizona, address, which bears the claim number, and a statement "Hearing set for 7/11/68", stating that the Commission had received a communication from the attorney of record advising that he was no longer petitioner's counsel, and further stating, "As the hearing is set more than a month from now, it is expected that if you wish other counsel, you will authorize the same and be prepared for hearing on the 11th of July." A carbon copy of this letter was sent to the petitioner's attorney who had withdrawn.

A hearing was held on 11 July, 1968, which was attended by two medical doctors, by the referee, and by the attorney for the defendant insurance carrier. The petitioner did not appear in person or by counsel. The Commission issued the award complained of on 8 August, 1968, finding that the petitioner had not sustained his burden to establish that he had a disability or a permanent injury arising out of the industrial episode of 19 May, 1967. This award contained a "30-day clause", which stated that anyone aggrieved thereby could petition this Court for a writ of certiorari within 30 days after the issuance of the award. The petitioner was served with a copy of the award by mailing the same to his Peoria address.

The petitioner filed a verified petition for writ of certiorari with this Court, alleging that he did not receive a notice of hearing from The Industrial Commission prior to the 11 July, 1968 hearing.

The procedure to be followed in filing a petition for rehearing is covered by A.R.S. § 23-945. The applicable subsection, B, states in part, "Notice of the time and place of hearing shall be given the petitioner and such other persons as the commission finds directly interested in the decision." A.R.S. § 23-922, grants rule making powers to the Commission, stating, "The commission may adopt rules of procedure, rules for fixing rates and for presenting claims and other rules and regulations necessary to conduct its business. The commission may change such rules and regulations from time to time." The Commission has issued formal, published rules in implementation of these actions. Rule 31, Rules of

The Industrial Commission, reads as follows:

"Notice of Hearing: The Commission will notify in writing all interested parties of the time and place of any hearing."

Rule 43 reads:

"Service may also be made of any award, decision, order, subpoena, notice or other process by enclosing the same copy or a copy thereof in a sealed envelope and depositing the same in the United States mail, with postage pre-paid, addressed to the party served. Such service may be made to the address of such party as shown by the records of the Commission. The service shall be deemed complete when the paper to be served is so deposited; * * * In any event, service shall be deemed complete within six (6) days after the date of mailing. * * *."

Rule 44 reads:

"Service upon an attorney who has appeared in behalf of a party will constitute service upon such party."

Rule 41.1(c) provides that all interested parties shall be given at least ten (10) days notice in advance of the time and place set for the hearing. Rule 45, Rules of The Industrial Commission, provides that proof of service may be made by the affidavit or oral testimony of the person making such service.

 It is the opinion of the Court that the record on appeal, including the allegations of the petitioner in the verified petition which he filed with this Court, indicates that notice was duly served upon the petitioner in accordance with the requirements of The Arizona Revised Statutes and the Rules of The Industrial Commission. Further examination of the record indicates that the award of The Industrial Commission is reasonably supported by the evidence.

The award is affirmed.

DONOFRIO, C. J., and CAMERON, J., concur.