Argued October 28, affirmed November 25, 1974

KANNA, *Respondent, v.* STATE ACCIDENT
INSURANCE FUND (No. 74-38E), *Appellant.*
528 P2d 560

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Sam A. McKeen,* Klamath Falls, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and THORNTON and TANZER, Judges.

TANZER, J.

This is an appeal by the State Accident Insurance Fund from a circuit court order which allowed a claim for aggravation of a compensable injury. The circuit court affirmed an order of the Workmen's Compensation Board, which in turn affirmed the hearing

officer's finding of aggravation. The Fund contends that no jurisdiction for consideration of an aggravation claim has been established and that, if so, the claim is barred because it was considered during the original proceedings.

On October 16, 1969, claimant suffered a compensable low back injury. The claim was closed with an award of 48 degrees for unscheduled low back disability plus 32 degrees for permanent loss of wage-earning capacity. Claimant requested and was afforded a hearing to determine the sufficiency of this award. On January 14, 1972, based upon reports of the treating physician, Dr. Campagna, the hearing officer entered an order affirming the original determination. The Workmen's Compensation Board on July 19, and the circuit court on August 3, 1973, also affirmed. There was no further appeal.

At the circuit court review of the original award claimant was allowed to introduce as additional evidence a medical report by Dr. Mario Campagna regarding his findings from an examination of April 30, 1973. The circuit court concluded that this report did not establish that the disability discussed therein had been caused by the industrial accident and therefore did not rely on it.

Claimant subsequently filed this claim for aggravation. In support of the claim he filed the same medical report of April 30, 1973, and two additional letters from Dr. Campagna, dated May 29 and June 11, 1973. The report indicates that claimant returned on April 30, 1973 with low back and left leg complaints, that claimant has a mechanical low back instability secondary to degenerative L4 disc disease, that there have been no new injuries since the 1969 accident and

that the claim should be reopened for orthopedic consultation. The letters state additionally that claimant's condition has been aggravated and that he will need further care and treatment.

At the time the aggravation claim was filed, ORS 656.271 (1)[1] provided:

"If subsequent to the last award or arrangement of compensation there has been an aggravation of the disability resulting from a compensable injury, the injured workman is entitled to increased compensation including medical services based upon such aggravation. The claim for aggravation must be supported by a written opinion from a physician that there are reasonable grounds for the claim. * * *"

The Fund contends that the letters and report of Dr. Campagna do not satisfy the jurisdictional requirement that the claim be supported by a written opinion from a physician that there are reasonable grounds for the claim.

■ While Dr. Campagna's language is not designed to satisfy the statute, his letters and report, read together, describe an aggravation of claimant's disability subsequent to January 14, 1972 which requires further treatment and is causally related to the 1969 injury. The statutory requirement of a physician's supporting opinion, therefore, is satisfied. *Cf. Dinnocenzo v. SAIF,* 18 Or App 63, 523 P2d 1280 (1974); *McKinney v. G. L. Pine, Inc.,* 16 Or App 619, 519 P2d 1265 (1974).

The Fund next contends that if the aggravation claim was properly supported, the factual issue of

---

[1] ORS 656.271 has since been repealed and ORS 656.273 has been enacted in lieu thereof. Oregon Laws, 1973, ch 620, § 4.

whether or not claimant's condition of April 30, 1973 was causally related to the 1969 injury was finally and conclusively adjudicated by the circuit court when it affirmed the original January 14, 1972 award. This is so, according to the Fund, because the court considered Dr. Campagna's April 30, 1973 report and concluded that claimant's condition, as described therein, had not been caused by the 1969 accident.

■ If the circuit court considered the report as it reflected on claimant's original disability, then its decision has no force as res judicata on the question of aggravation. If the circuit court considered the report on the issue of aggravation, then it acted beyond its jurisdiction which was limited to a review of the hearing officer's order and to claimant's disability at the time of that order, *Mansfield v. Caplener Bros.*, 3 Or App 448, 452, 474 P2d 785 (1970); *Tanner v. P & C Tool Co.*, 9 Or App 463, 467, 497 P2d 1230 (1972), but we need not presume such an extra jurisdictional act. Either way, the use of the report as part of the jurisdictional requisite for and as evidence of the later aggravation claim is not barred by the earlier action of the circuit court.

■ On the merits, the Fund offered no evidence to rebut the opinions of Dr. Campagna. The only other evidence was testimony offered by claimant in an attempt to show aggravation. We conclude that the hearing officer, the Board and the circuit court were correct in finding that claimant's original compensable injury had been aggravated.

Affirmed.