569 P.2d 277

**Harold BLICKENSTAFF, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Altfillisch-Hensler, Respondent Employer,**

**Aetna Insurance Company, Respondent Carrier.**

**No. 1 CA–IC 1625.**

Court of Appeals of Arizona, Division 1, Department C.

July 12, 1977.

Rehearing Denied Aug. 31, 1977.

Review Denied Sept. 27, 1977.

**336**

Rabinovitz, Minker & Dix, P.C. by Bernard I. Rabinovitz, Tucson, for petitioner.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Lewis & Roca by Merton E. Marks, John B. Long, Phoenix, for respondents employer and carrier.

## OPINION

JACOBSON, Presiding Judge.

This special action presents two issues. First, did the petitioner sustain his burden of proving a meritorious reason for the untimely filing of a Request for Hearing. Second, does a Petition to Reopen accompanied by a physician's year-old statement of condition which is both illegible and non-specific sufficiently comply with A.R.S. § 23–1061(H).

By way of introduction, a brief review of the facts is essential. Petitioner Harold Blickenstaff sustained an abrasion and low back strain on October 4, 1973 in an industrial injury while in the employ of respondent-employer, Altfillisch-Hensler. His claim was accepted and compensation and medical benefits were paid until their termination October 21, 1973, by a Notice of Claim Status dated December 19, 1973. Subsequently, on January 30, 1974, the respondent carrier, Aetna Insurance Co., issued a Notice of Claim Status which indicated that the subject injury resulted in no permanent disability. Thereafter, on November 4, 1975, the petitioner filed a Petition to Reopen, based on a new, additional or previously undiscovered disability or condition accompanied by a physician's statement dated December, 1974 authored by Dr. F. A. Habra, orthopedic surgeon, which referenced an attached, unsigned, handwritten note dated November 6, 1974, that was ultimately revealed to be another physician's

(Dr. Quiroga) statement of petitioner's condition.

On November 14, 1975 petitioner filed a Request for Hearing directed to the January 30, 1974, Notice of Claim Status. The Petition to Reopen was denied by a Notice of Claim Status issued December 10, 1975. A Request for Hearing, directed to this Notice of Claim Status was filed January 7, 1976. Pursuant to this request, a hearing was convened on July 16, 1976, to permit the petitioner to present evidence as to his meritorious reasons for filing an untimely Request for Hearing to the January 30, 1974 Notice of Claim Status; and alternatively, to determine whether there existed evidence of a new, additional previously undiscovered condition causally related to the industrial injury. Following this hearing, the hearing officer concluded that the evidence did not establish excusable delay in the untimely filing of the petitioner's Request for Hearing, and dismissed the petitioner's Request for Hearing directed toward the denial of the November 3, 1975 Petition to Reopen because this petition lacked the support of relevant and material medical reports as required by A.R.S. § 23–1061(H). It is from this Award and Decision upon Review affirming this award that the instant appeal is taken.

It is clear that A.R.S. § 23–947 provides a sixty-day limit for requesting a hearing on a Notice of Claim Status after the notice is sent. Blickenstaff's position on appeal is that the language of *Janis v. Industrial Commission,* 111 Ariz. 362, 529 P.2d 1179 (1974); *Chavez v. Industrial Commission,* 111 Ariz. 364, 529 P.2d 1181 (1974); and *Parsons v. Bekins Freight,* 108 Ariz. 130, 493 P.2d 913 (1972), mandates an extension of this statutory period for an untimely filing excusable due to a meritorious position.

For a showing of a meritorious reason for the late filing which would justify a waiver of the sixty-day limit set by A.R.S. § 23–947, petitioner relies on a single premise. He claims that he never received the carrier's Notice of Claim Status due to difficulties in the mail distribution system

at his residence at a trailer court. The record indicates that a community mail box existed for the entire trailer court with the contents of this box placed upon a table in the proprietor's office for individual pick-up. Petitioner testified that, on occasion, several pieces of mail addressed to him had never been personally received, although the subject Notice of Claim Status is the sole piece of correspondence which he failed to receive from the respondents. He admitted receiving compensation checks at this source.

We are mindful of the procedure detailed in A.R.S. § 23–1061(F), as amended, (Supp. 1976), which states, in pertinent part, as follows:

"F. Each insurance carrier * * * shall report to the commission a notice of the first payment of compensation and shall promptly report to the commission and to the employee *by mail at his last known address any denial of a claim,* any change in the amount of compensation and the termination thereof, * * *." (emphasis added)

Additionally, Rule 58(b), Rules of Procedure for Workmen's Compensation Hearings before the Industrial Commission of Arizona, provides, in part, that:

"(b) Service of any of the matters referred to in subsection (a) hereof may be made by enclosing the same, or a copy thereof, in a sealed envelope and depositing the same in the United States mail, with postage prepaid, addressed to the party served. Such service may be made to the address of such party as shown by the records of the Commission. Service shall be deemed complete when the matter to be served is so deposited."

In construing this procedure, this court in *Smith v. Industrial Commission,* 11 Ariz. App. 519, 466 P.2d 392 (1970) had the opportunity to examine the case of a petitioner whose mail deposit box had multiple access. The *Smith* court noted that:

"Service is accomplished by mailing to the proper address * * *. The person to whom the mailing is addressed need not receive the communication as a condi-

tion precedent to proper service." (citations omitted) *Id.* at 521, 466 P.2d at 394.

Even though *Reddell v. Industrial Commission,* 111 Ariz. 313, 528 P.2d 1254 (1974) does lament, by judicial notice, the "efficiency and reliability" of the United States Post Office Department, it provides no comfort to the present petitioner since we are not concerned with a delay occasioned by postal service delivery or misdelivery, but rather delay allegedly caused by non-receipt occasioned by a haphazard internal distribution system extant at petitioner's residence. In the instant case, the respondent-carrier fully discharged its obligation under A.R.S. § 23–1061(F) and Rule 58(b), Rules of Procedure Before the Industrial Commission of Arizona by posting the subject Notice of Claim Status. Likewise, the United States Postal Service apparently discharged its function by delivery of the Notice of Claim Status to the community mail box. Any deficiency which existed after this point is a function of the internal distribution system of petitioner's residence, and one which was assented to by his continued participation in this method. Moreover, under this mail delivery system which petitioner contends is the meritorious reason for an excused late filing, the record demonstrates the petitioner received at this address and via the same internal distribution system every other documentary communication pertaining to this Workmen's Compensation claim from both the carrier and the Commission, including compensation checks. As was stated in *Stemkowski v. Industrial Commission,* 27 Ariz.App. 457, 556 P.2d 11 (1976) (a failure to receive notice case):

"From a review of the entire record we cannot say that the hearing officer abused his discretion. The hearing officer was the judge of whether the reasons given by the petitioner established a meritorious position, and while the evidence might well have supported a contrary

result, we find substantial evidence to support his determination. *Kleinsmith v. Industrial Commission,* 26 Ariz.App. 77, 546 P.2d 346 (1976), approved and adopted as the opinion of the Arizona Supreme Court, 113 Ariz. 189, 549 P.2d 161 (1976)." *Id.* at 460, 556 P.2d at 14.

We feel that, under the present circumstances, the petitioner failed to sustain his burden of proof as to a meritorious reason for the untimely filing of a Request for Hearing.

Petitioner's final contention is concerned with his Petition to Reopen and the attached physician's statement. A.R.S. § 26–1061(H) provides, in pertinent part, as follows:

"H. An employee may reopen his claim to secure an increase or rearrangement of compensation or additional benefits by filing with the commission a petition requesting the reopening of his claim upon the basis of new, additional or previously undiscovered temporary or permanent condition, *which petition shall be accompanied by a statement from a physician setting forth the physical condition of the employee relating to the claim.* \* \* ." (emphasis added)

Similarly, Rule 33(a), Rules of Procedure for Workmen's Compensation Hearings before the Industrial Commission of Arizona details that an Employee's Petition to Reopen a Claim "shall be accompanied by a statement from a physician setting forth the physical condition of the employee relating to the claim."

At the onset of the hearing conducted herein, the respondent carrier objected, on a jurisdictional basis, to the furtherance of any proceedings because petitioner allegedly failed to provide a statement by a physician [1] that reasonably complied with A.R.S. § 26–1061(H) or Rule 33(a).

---

1. The petition to reopen had attached to it a form of physician's statement, which in turn had attached to it the following handwritten, unsigned note:

"Patient has recurrence of low back pain to ®R® thigh and leg—On exam there is [illegi-

ble] tenderness to ®R® [illegible] vertebral lumbar [illegible]—neurological exam [illegible] —[illegible] Ref. Dr. Habra. Rx Percodon tab # 30, [illegible] pain."

Our focus then devolves into a determination of whether the physician's one-year-old statement of condition sufficiently comports with A.R.S. § 23–1061(H) so that, as a matter of law, the hearing officer abused his discretion in dismissing the petition to reopen because of failure to comply with that statute.

In reaching this determination we note that A.R.S. § 23–1061(H) provides, upon appropriate reopening, for payment of the necessary medical expenses incurred within fifteen days of filing a reopening petition. This provision avoids prejudice to a claimant who believes he has a meritorious claim but is unable to afford the requisite physician's statement of condition. Concomitantly, this provision operates to assure that the Petition to Reopen will be based on a medical evaluation of the petitioner conducted at a relevant point in time so that the carrier or self-insurer will be able to assess the advisability of reopening.

■ The very nature of assessing the advisability of reopening mandates an evaluative, comparative process. Since a Petition to Reopen is the recognition of the obvious fact that some rearrangement or revision of the previous decision upon a claim is desired, the burden is upon the petitioner to offer appropriate comparative evidence so that relevant items can be juxtaposed to establish similarities or dissimilarities. *See Arizona State Welfare Dept. v. Industrial Commission,* 25 Ariz.App. 6, 540 P.2d 737 (1975); *Dennis v. Industrial Commission,* 20 Ariz.App. 375, 513 P.2d 382 (1973); *Siqueiros v. Industrial Commission,* 20 Ariz.App. 104, 510 P.2d 415 (1973).

■ In our opinion the statutory requirement that a physician's report be attached to the Petition to Reopen is for the purpose of allowing the administrative decision to be made of either allowing or denying the petition, based upon this comparative analysis. In short, in order for a physician's report to be sufficient under A.R.S. § 26–1061(H) it must contain sufficient medical facts which, if true, would constitute a *prima facie* showing of entitlement to relief. *Cf. Sell v. Industrial Commission,* 18 Ariz. App. 409, 502 P.2d 1086 (1973); see also *Rosenstiel v. State Accident Insurance Fund,* 20 Or.App. 395, 532 P.2d 33 (1975); *Kanna v. State Accident Insurance Fund,* 19 Or.App. 594, 528 P.2d 560 (1974); *Dinnocenzo v. State Accident Insurance Fund,* 18 Or.App. 63, 523 P.2d 1280 (1974); *McKinney v. G. L. Pine, Inc.,* 16 Or.App. 619, 519 P.2d 1265 (1974). We specifically refuse to follow any language in *Quirk v. Industrial Commission,* 3 Ariz.App. 84, 412 P.2d 81 (1966), which is contrary to this holding.

■ Viewing the physician's report in this context, aside from it being a report that incorporates an unsigned report from another physician, it simply, in major respects, is illegible. However, even if we guess at the meaning of the illegible words it merely states that petitioner is suffering pain and medication has been prescribed. There is no indication that this pain is causally related to the prior industrial injury and if so, that the pain is the result of a condition that is "new, additional or previously undiscovered." In short, the report does not begin to approach a showing of a *prima facie* entitlement to reopening.

We therefore conclude that the hearing officer did not abuse his discretion in determining that this report did not comply with A.R.S. § 26–1061(H) and properly dismissed petitioner's Petition to Reopen on this ground.

Award affirmed.

FROEB, C. J., and OGG, J., concur.