616 P.2d 946

James B. EDMUNDS, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Foam Tech, Inc., Respondent Employer,

Industrial Indemnity Company, Respondent Carrier.

No. 1 CA–IC 2213.

Court of Appeals of Arizona, Division 1, Department C.

July 15, 1980.

Rehearing Denied Sept. 3, 1980.

Review Denied Sept. 23, 1980.

Law Offices of Dale D. Tretschok by Dale D. Tretschok, Brian I. Clymer, Tucson, for petitioner.

Calvin Harris, Chief Counsel, Industrial Commission of Arizona, Phoenix, for respondent.

O'Connor, Cavanagh, Anderson, West-over, Killingsworth & Beshears, P.A. by Larry L. Smith, Donald L. Cross, Phoenix, for respondent employer and respondent carrier.

## OPINION

CONTRERAS, Judge.

The question in this Industrial Commission special action is whether a carrier may suspend benefits under A.R.S. § 23–1026(C) when a workmen's compensation claimant fails to attend a medical examination because the claimant, due to errors in the postal delivery system that are beyond his control, did not receive notice of the scheduled examination.

Petitioner, employee James B. Edmunds, sustained an industrially–related back injury in 1976. His workmen's compensation claim was accepted for benefits and eventually closed with no permanent impairment in May of 1977. Petitioner then moved to Oregon. While in Oregon, he filed a petition to reopen his workmen's compensation claim which the carrier accepted.

In the course of administering the reopened claim, the carrier mailed a letter to petitioner notifying him of a scheduled group medical consultation examination to be conducted in Portland, Oregon. Petitioner was then residing at the address in Bend, Oregon, to which the letter was directed. Due to error in the United States Postal Service, petitioner did not receive this letter. The letter, which had been sent by certified mail, return receipt requested, was returned to the carrier bearing a stamp which read "Not deliverable as addressed. Unable to forward."

On August 7, 1978, the carrier suspended petitioner's benefits because he failed to attend the scheduled medical examination. The suspension notice did reach petitioner and he timely requested a hearing. A formal hearing was conducted before the Industrial Commission. In his award, the hearing officer determined that the carrier had discharged its responsibility when it made a proper mailing. The hearing officer observed that the carrier does not guarantee delivery and that the risk of nondelivery due to post office error falls on the workmen's compensation claimant. On that basis, the hearing officer determined that petitioner did not have an acceptable excuse for not attending the examination and approved the carrier's suspension of benefits. After the award was affirmed on administrative review, petitioner timely filed this special action.

The carrier argues, and we agree, that service of the notice of a scheduled medical examination was deemed complete when the correctly addressed item was deposited in the United States mail. Rule 58, (A.C.R.R. R4–13–158), Rules of Procedure for Workmen's Compensation Hearings Before the Industrial Commission; *see Stemkowski v. Industrial Commission*, 27 Ariz. App. 457, 556 P.2d 11 (1976); *Smith v. Industrial Commission*, 11 Ariz.App. 519, 466 P.2d 392 (1970); *Mueller v. Industrial Commission*, 9 Ariz.App. 147, 450 P.2d 113 (1969). We do not agree, however, that benefits may be suspended, pursuant to A.R.S. § 23–1026(C) merely upon a showing that the notice of medical examination has been mailed. A.R.S. § 23–1026(C) provides: "If the employee *refuses to submit to the medical examination or obstructs the examination*, his right to compensation shall be suspended until the examination has been made, and no compensation shall be payable during or for such period." (emphasis added) It is not every failure to attend a scheduled medical examination that results in a suspension of benefits. *Garza v. Industrial Commission*, 17 Ariz.App. 525, 498 P.2d 599 (1972). Rather, A.R.S. § 23–1026(C) contemplates some wrongful act on the part of the employee who "refuses" to attend or "obstructs" a medical examination. *Id.* The carrier may only suspend benefits for these two reasons. *See Godfrey v. Industrial Commission*, 124 Ariz. 153, 602 P.2d 821 (1979).

The hearing officer's conclusion that a workmen's compensation claimant should bear the risk of nondelivery due to post office error might be an acceptable one

were it not for the intent expressed in A.R.S. § 23–1026(C) that suspension be imposed only if the claimant volitionally "refuses" to attend the medical examination or "obstructs" the examination. Thus, suspension of benefits would be proper if it were shown that a claimant had changed his address without notifying the carrier or the Industrial Commission, thereby effectively frustrating the delivery of notices regarding his claim. In the instant case, the carrier did not attempt to show how petitioner, by his own act, refused to submit to the medical examination or in some way obstructed it. Although the carrier describes petitioner's life style as "nomadic", the record also demonstrates that at the time the notice of the medical examination was mailed, petitioner was residing at the Bend, Oregon, address. Petitioner's explanation that the notice failed to reach him through apparent post office error was not contradicted.

A carrier is required to make, at least, a prima facie showing of its right to the privilege of invoking the sanction of suspension of benefits provided by A.R.S. § 23–1026(C). *Garza v. Industrial Commission, supra.* The fact that the letter notifying petitioner of the scheduled group medical consultation examination was returned to the carrier and marked "Not deliverable as addressed. Unable to forward." was sufficient to demonstrate a prima facie right to suspend benefits. This is not to say, however, that petitioner could not show that his failure to attend the examination was not his fault. We find that petitioner had an acceptable excuse for not attending the examination. Where the evidence is clear that petitioner failed to appear solely because the notice of the examination, although mailed to his place of current residence did not reach him due to post office error, petitioner's failure to appear cannot be categorized as a refusal to attend or an obstruction of the examination so as to justify suspension of benefits pursuant to A.R.S. § 23–1026(C).

The award suspending benefits is set aside.

JACOBSON and OGG, JJ., concur.