NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

HIGHWAY TECHNOLOGY, *Petitioner Employer*,

ARCH INSURANCE CO C/O GALLAGHER BASSETT INSURANCE,
*Petitioner Carrier*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

VINCENT QUIROZ, *Respondent Employee*.

No. 1 CA-IC 14-0020
FILED 1-13-2015

Special Action - Industrial Commission
ICA Claim No. 20080-560262
Allen B. Shayo, Administrative Law Judge

**AWARD AFFIRMED**

COUNSEL

Jardine, Baker, Hickman & Houston, PLLC, Phoenix
By Scott H. Houston, Rae Richardson
*Counsel for Petitioners Employer and Carrier*

Industrial Commission of Arizona, Phoenix
By Andrew F. Wade
*Counsel for Respondent*

Robert J. Hommel, P.C., Scottsdale
By Robert J. Hommel
*Counsel for Respondent Employee*

---

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Patricia A. Orozco and Judge Randall M. Howe joined.

---

**P O R T L E Y**, Judge:

**¶1**        This is a special action review of an Industrial Commission of Arizona ("ICA") award and decision upon review granting the petitioner carrier's, Arch Insurance Company's ("Arch's"), motion to dismiss the October 23, 2012 petition to reopen filed by respondent employee, Vincent Quiroz.  Arch presents two issues on appeal:

> (1) whether the administrative law judge ("ALJ") abused his discretion by vacating his January 23, 2014 award on administrative review; and
>
> (2) whether the ALJ's dismissal of Quiroz's October 23, 2012 petition to reopen established the comparative date for his September 6, 2013 petition to reopen.

Because we hold that the ALJ did not abuse his discretion on administrative review and the question of comparative dates is premature, we affirm the award.

**JURISDICTION AND STANDARD OF REVIEW**

**¶2**        This court has jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(2) (2003), 23-951(A), and Arizona Rule of Procedure for Special Actions 10.[1]  In reviewing findings and awards of the ICA, we defer to the ALJ's factual findings, but review questions of law de novo.  *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14,

---

[1] We cite to the current version of statutes and rules unless otherwise indicated.

2

63 P.3d 298, 301 (App. 2003). We consider the evidence in a light most favorable to upholding the ALJ's award. *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16, 41 P.3d 640, 643 (App. 2002).

## PROCEDURAL AND FACTUAL HISTORY

**¶3** Quiroz was injured on February 13, 2008, when he was struck by a car while performing his work as a highway barricade supervisor for the petitioner employer, Highway Technology. He sustained a severe traumatic brain injury and orthopedic injuries. He filed a workers' compensation claim, which was accepted for benefits and eventually closed with an unscheduled ten percent permanent partial impairment of the whole person. At closure, Quiroz was found to have no loss of earning capacity, because he had returned to work at Highway Technology and was earning the same wage albeit for a different job.

**¶4** Several years later, Quiroz filed a petition to reopen his claim. He attached a prescription slip signed by a nurse practitioner which stated: "Established care 8/27/12, unable to work or lift due to severe deg. disc disease from MVA 2/13/2008. He also has an upcoming surgical procedure." His petition was denied for benefits, and he timely requested an ICA hearing. Quiroz also filed a new injury claim for a gradual back injury, which was denied for benefits. He retained counsel and timely protested this denial. He requested a hearing and consolidation with the hearing request on his petition to reopen. The ALJ issued a consolidated notice of hearing.

**¶5** Five ICA hearings were held for testimony from Quiroz and four physicians. At the conclusion of the final hearing, Arch moved to dismiss Quiroz's petition to reopen:

> MR. HOUSTON: Well, I think at this point in time I think the Petition to Reopen the 2008 claim is actually subject to a *Blickenstaff*[2] motion because I don't think he has presented any evidence that his lumbar problems were caused or contributed to by that [2/13/08] accident, and that's what he's pursuing the Petition to Reopen for is his lumbar complaints.

---

[2] *See Blickenstaff v. Industrial Commission*, 116 Ariz. 335, 569 P.2d 277 (App. 1977).

JUDGE SHAYO:  I'll let you respond to that.

MR. HOMMEL:  I agree with him.  I think all we've got in this case is a new injury.  Now, what the scope of that injury is may not be resolved, but even Dr. Pitt says that there's at least a lumbar sprain/strain there.  And he says it could be an ongoing aggravation of his arthropathy.  No one has really evaluated that question.  I think that claim needs to be found compensable and he needs to get that issue evaluated.

JUDGE SHAYO:  So, are you in a very lawyerly way conceding that with respect to the Petition to Reopen on the 2008 claim that there is insufficient evidence to warrant a reopening on that claim?

MR. HOMMEL:  No, not even as the lawyer, yeah.

MR. HOUSTON:  If that's the case, Judge, I'm going to ask but for the purposes of you issuing an award that you sever the two and deconsolidate them just in case there's some appellate issue that arises on the 2002 claim . . . .

**\* \* \* \***

JUDGE SHAYO:  . . . And hearing no objection, Mr. Houston, we'll proceed on that basis and I guess issue two awards.

¶6        Following the final hearing, the ALJ wrote to Quiroz's attorney to confirm "that you have agreed that there is insufficient evidence to justify a reopening. . ." and "you have agreed to 'deconsolidate' this matter from the compensability issue for the 7/10/12 date of injury [gradual back injury claim]."  The ALJ then authored a memo to the file confirming the deconsolidation and entered an award dismissing Quiroz's hearing request on the petition to reopen.

¶7 In response, Quiroz filed a motion to continue the hearings for additional evidence regarding his deteriorating industrially-related brain injuries.[3] He explained that "[t]here is an argument, that should a decision issue on the back injury, that award becomes the comparison date for the brain injury." He also filed a separate request for administrative review. The ALJ vacated his award, and instead, he entered an award granting Arch's *Blickenstaff* motion to dismiss the petition to reopen for a back injury. Arch next brought this appeal.

## DISCUSSION

¶8 Arch first argues that the ALJ should have affirmed his initial award that dismissed Quiroz's hearing request for failure to meet his burden of proof for reopening under A.R.S. § 23-1061(H). On administrative review, an ALJ has very broad discretion to revise the award, and he "may affirm, reverse, rescind, modify or supplement the award and make such disposition of the case as is determined to be appropriate." A.R.S. § 23-943(F). In the absence of a clear abuse of discretion, this court will not set aside an award by reason of the ALJ's decision in a request for review. *Howard P. Foley Co. v. Indus. Comm'n*, 120 Ariz. 325, 327, 585 P.2d 1237, 1239 (App. 1978).

¶9 At the close of the ICA hearings, Arch moved to dismiss Quiroz's October 23, 2012 petition to reopen for a new back injury. Arch based its motion on *Blickenstaff*, when this court held that a petition to reopen must be accompanied by a medical report that "must contain sufficient medical facts which, if true, would constitute a *prima facie* showing of entitlement to relief." 116 Ariz. at 339, 569 P.2d at 281.

¶10 In this case, the ALJ narrowed his initial Award on administrative review. Instead of dismissing Quiroz's hearing request, he granted Arch's *Blickenstaff* motion to dismiss the petition to reopen. We find no abuse of discretion in granting Arch the relief it requested.

¶11 Arch next argues that the ALJ's dismissal of Quiroz's October 23, 2012 petition to reopen should establish the comparative date for the

---

[3] During the hearings on the initial petition to reopen his claim for a new back injury, Quiroz filed a second petition to reopen his claim for worsening brain injuries and attached recent neurological and neuropsychological reports and test results.

claimant's September 6, 2013 petition to reopen for deteriorating brain injuries. In his opening brief, Arch contends:

> By dismissing the Petition to Reopen rather than dismissing the request for hearing . . . the Administrative Law Judge left it open for Quiroz [claimant] to argue that the date of comparison for Quiroz's brain injury should be September 10, 2009, the date the original claim was closed as opposed to January 23, 2014, the date Quiroz's request for hearing on his Petition to Reopen No. 1 was dismissed by the Administrative Law Judge.

¶12         In order to reopen a workers' compensation claim, the claimant must establish the existence of a new, additional, or previously undiscovered condition, and a causal relationship between that condition and the prior industrial injury. *See* A.R.S. § 23-1061(H); *e.g.*, *Pascucci v. Indus. Comm'n*, 126 Ariz. 442, 444, 616 P.2d 902, 904 (App. 1980). It is necessary to establish comparative dates in order to determine whether there has been the statutorily required change in condition:

> In cases involving a first petition to reopen, the comparison points for establishing the necessary change of condition are the date the claim was closed and the date the petition to reopen was filed. . . . In cases like the present one, in which a petition to reopen is preceded by an unprotested *denial* of a prior petition to reopen, the comparison points are the date the Notice of Claim Status denying the prior petition was issued and the date the subsequent petition to reopen was filed.

*Cornelson v. Indus. Comm'n*, 199 Ariz. 269, 271, 17 P.3d 114, 116 (App. 2001) (emphasis in original) (citations omitted).

¶13         In this case, Quiroz argues that these rules for establishing comparative dates do not apply because his two petitions to reopen are directed to differing physical conditions. He cites no case law to support this proposition nor are we aware of any. We also recognize the ALJ did not address this issue in his award or decision upon review.

**¶14** Workers' compensation claims are administered sequentially through a progression of separate claim stages. *See, e.g., Hardware Mutual Casualty Co. v. Indus. Comm'n*, 17 Ariz. App. 7, 9, 494 P.2d 1353, 1355 (1972). At each stage, a notice of claim status is issued and will become final unless it is timely protested. *See* A.R.S. § 23-947(A). A timely hearing request opens all issues addressed by the notice of claim status for consideration at hearing. *See, e.g., Parkway Mfg. v. Indus. Comm'n*, 128 Ariz. 448, 452, 626 P.2d 612, 616 (App. 1981). The hearing is generally limited to the issues addressed in the notice of claim status unless the parties consent to litigate additional issues in a single hearing. *See, e.g., Arellano v. Indus. Comm'n*, 25 Ariz. App. 598, 599-600, 545 P.2d 446, 447-48 (1976).

**¶15** Only Quiroz's initial petition to reopen for a back injury is before us in this appeal. The parties have not agreed to litigate additional issues outside the protested notice of claim status. For that reason, we need not reach or address the merits of the appropriate comparative dates for the second petition to reopen for deteriorating brain injuries. That issue is premature at this time.

## CONCLUSION

**¶16** We affirm the ALJ's decision upon review.



Ruth A. Willingham · Clerk of the Court
FILED: ama