NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

MARK A. GILMORE, *Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

CITY OF PHOENIX, *Respondent Employer,*

CITY OF PHOENIX, *Respondent Carrier*.

No. 1 CA-IC 16-0049
FILED 3-7-2017

---

ICA Claim No. 20092-460502
Carrier Claim No. 4440422
The Honorable Deborah A. Nye, Administrative Law Judge

**AFFIRMED**

---

COUNSEL

Mark A. Gilmore, Peoria
*Petitioner*

Jardine, Baker, Hickman & Houston, P.L.L.C., Phoenix
By K. Casey Kurth
*Counsel for Respondent Employer*
*Counsel for Respondent Carrier*

---

**MEMORANDUM DECISION**

---

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Paul J. McMurdie joined.

---

**N O R R I S**, Judge:

¶1 In this special action from an Industrial Commission of Arizona ("ICA") award and decision upon review, Petitioner, Mark A. Gilmore, argues the Administrative Law Judge ("ALJ") should have issued an award reopening his prior industrial claim that had been previously closed. Reviewing the ALJ's decision and award under the applicable standards of review, we disagree. *See Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14, 63 P.3d 298, 301 (App. 2003) (appellate court deferentially reviews ALJ's findings but reviews legal conclusions de novo) (citation omitted); *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16, 41 P.3d 640, 643 (App. 2002) (appellate court views evidence in light most favorable to sustaining the award) (citation omitted).

¶2 On September 1, 2009, Gilmore injured his right shoulder while cleaning a ladder. Gilmore timely filed a workers' compensation claim, and the Respondent Carrier City of Phoenix ("Carrier") eventually issued a notice of claim dated April 15, 2010 accepting Gilmore's claim and closing it effective March 16, 2010 without permanent disability. Gilmore did not protest the April 15, 2010 notice of claim, and it became final. In November 2015, Gilmore petitioned to reopen his claim based on a new, additional, or previously undiscovered disability or condition. The Carrier denied his petition to reopen in December 2015. Gilmore timely requested a hearing on the Carrier's denial of his petition, which the ALJ held on June 2, 2016.

¶3 Gilmore did not, however, attend the hearing. The ALJ considered the petition as submitted and issued an award on June 3, 2016, finding Gilmore had failed to meet his burden of proving the existence of a new, additional, or previously undiscovered disability or condition causally related to his prior industrial injury pursuant to Arizona Revised Statutes ("A.R.S.") section 23-1061(H) (2016).

¶4 On June 6, 2016, Gilmore asked the ALJ to accept into evidence an MRI report concerning his right shoulder dated May 23, 2016. Then, on June 13, 2016, Gilmore timely requested administrative review of

the award. The ALJ subsequently affirmed the award, explaining she had not considered the MRI report because Gilmore had submitted it after the record in the matter had closed.

**¶5**        Restated for clarity, on appeal Gilmore argues the ALJ should have considered the MRI report before denying his petition to reopen. We reject this argument.

**¶6**        As the ALJ noted in the award, Gilmore did not attend the June 2, 2016 hearing and she had not excused him from attending the hearing. *See* Ariz. Admin. Code ("A.C.C.") R20-5-149(A) (claimant shall personally appear at any hearing unless excused by ALJ). Furthermore, Gilmore did not submit the MRI report into evidence before the hearing. *See* A.A.C. R20-5-155(A) (party shall submit medical report into evidence at least 25 days before the first scheduled hearing). By the time Gilmore submitted the MRI report, the record in the matter had closed. *See* A.A.C. R20-5-159 (award shall be based upon record as it exists at conclusion of hearing); *see also Morris v. Indus. Comm'n*, 3 Ariz. App. 393, 396, 414 P.2d 996, 999 (1966) (matters placed in record after hearing may not be considered absent consent of all parties) (citation omitted). Therefore, the ALJ properly issued its original decision and its decision upon review without considering the MRI report.

**¶7**        Even if Gilmore had timely submitted the MRI report, he still would not have met his burden of proving a new, additional, or previously undiscovered disability or condition under A.R.S. § 23-1061(H). The MRI report established that Gilmore was indeed experiencing symptoms relating to his right shoulder. The MRI report, however, did not relate Gilmore's current symptoms to his initial industrial injury. *See Blickenstaff v. Indus. Comm'n*, 116 Ariz. 335, 339, 569 P.2d 277, 281 (App. 1977) (petitioner bears burden to offer comparative evidence). Therefore, the MRI report, by itself, failed to establish a new, additional, or previously undiscovered disability or condition causally related to his initial industrial injury.

**¶8**        For the foregoing reasons, we affirm the ALJ's award.

