556 P.2d 11

Pearl L. STEMKOWSKI,
Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

Consolidated Investment Co., Inc.,
Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 1401.

Court of Appeals of Arizona,
Division 1,
Department C.

Sept. 23, 1976.

Rehearing Denied Oct. 18, 1976.

Review Denied Nov. 16, 1976.

Davis, Eppstein & Tretschok by Dale D. Tretschok, Bruce L. Dusenberry, Tucson, for petitioner.

John H. Budd, Jr., Chief Counsel, Phoenix, for respondent The Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, State Compensation Fund, Phoenix, by Robert T. Wilson, Tucson, for respondent carrier.

HAIRE, Chief Judge, Division 1.

Two questions are raised by petitioner on this review of an award entered in a workmen's compensation proceeding. Petitioner first contends that the respondent Commission's "Notice of Average Monthly Wage" determination is absolutely null and void, and therefore subject to attack by petitioner at this time, notwithstanding her admitted failure to timely request a hear-

ing within 60 days as required by A.R.S. § 23–947. In the event that this Court determines that the Commission's "Notice of Average Monthly Wage" was not a nullity, then petitioner further contends that her failure to timely request a hearing should have been waived by the hearing officer.

Petitioner's contention that the Commission's "Notice of Average Monthly Wage" is null and void is based upon the premise that the record is insufficient to show that the Commission independently determined petitioner's average monthly wage as required by A.R.S. § 23–1061 F. On this issue, the hearing officer's findings show that the Commission issued its "Notice of Average Monthly Wage" on July 5, 1974; that the notice was signed by Margaret Scofield, who was duly authorized by resolution of the Commission to make average monthly wage determinations; and that this was a valid and proper delegation of authority by the Commission. *See Mendoza v. Industrial Commission,* 22 Ariz. App. 433, 528 P.2d 184 (1974). Petitioner in essence admits the foregoing, but, relying upon *Mills v. Industrial Commission,* 23 Ariz.App. 28, 530 P.2d 385 (1975), contends that in order to avoid a holding that the "Notice of Average Monthly Wage" is a nullity, there must be some memorandum or worksheet in the Commission's file separate and apart from the notice itself. In *Mills, supra,* the Court found the Commission's file sufficient when it contained not only the Commission's notice of average monthly wage, but also a short memo of a telephone call by a Commission employee relating to the average monthly wage. Therefore, in *Mills* the Court was not required to determine whether further evidence of Commission action separate and apart from its duly signed order was required.

In our opinion the hearing officer was correct in his conclusions on the first question as follows:

"6. That the Arizona Supreme Court has said:

'This court has adhered to the general rule of law that public officers are presumed to have done their duty, *Hunt v. Campbell,* 19 Ariz. 254, 169 P. 596 (1917); *Industrial Commission of Arizona v. J. & J. Const. Co.,* 72 Ariz. 139, 231 P.2d 762 (1951), and that acts of public officials are presumed to be correct and legal in absence of clear and convincing evidence to the contrary, *Burri v. Campbell,* 102 Ariz. 541, 434 P.2d 627 (1967). We do not believe, however, these presumptions should apply to a case of this kind where the question is *not whether the Commission acted properly in making an award or whether the Commission did its duty in considering the matter, but whether the Commission acted at all.* . . .' (Emphasis supplied)

See *Verdugo v. Industrial Commission,* 108 Ariz. 44, 492 P.2d 705 (1972).

"7. It is apparent from the Court's enunciation in *Verdugo, supra,* that, where the only question is one of proper action or whether the Commission did its duty in considering the matter in question, there still exists the presumption that public officials have done their duty and their acts are presumed to be legal and correct in the absence of clear and convincing evidence to the contrary.

"8. That the evidence produced by the applicant and contained in the file fails to rebut the presumption that the NOTICE OF AVERAGE MONTHLY WAGE issued by the Industrial Commission on July 5, 1974 was produced as a result of an independent determination by the Industrial Commission as required by A.R.S., Sec. 23–1061 F."

▮. We hold that a written order duly signed by an authorized representative of the Commission constitutes evidence of independent action by the Commission sufficient to withstand an attack of the nature here presented going to the validity of the

order as an action of the Commission. *See Harris v. Industrial Commission,* 24 Ariz. App. 319, 538 P.2d 406 (1975). In order to contest the correctness or appropriateness of the methods used by the Commission in arriving at its average monthly wage determination, a party must timely file a request for hearing, or alternatively, present reasons which would justify an untimely filing of such request.

Having determined that the Commission's "Notice of Average Monthly Wage" was not a nullity, we proceed now to petitioner's second question, which concerns the hearing officer's refusal to relieve her from her failure to timely request a hearing. The time sequence was as follows. On June 5, 1974, the carrier issued its notice of claim status, accepting petitioner's claim and setting her average monthly wage. On July 5, 1974, the Commission issued its "Notice of Average Monthly Wage" establishing the average monthly wage at the same amount previously set by the carrier. Five months later, on December 5, 1974, petitioner filed her request for hearing on the average monthly wage question.

For a showing of meritorious reasons for the late filing which would justify a waiver of the 60 day time limit set by A.R.S. § 23–947, petitioner relies on two premises. First, she claims that she never received the Commission's notice of average monthly wage, and second, that she was in poor physical and mental condition at the time she should have been challenging the wage setting.

Concerning the first contention, the record shows that without question she received the carrier's June 5, 1974 notice of claim status setting the average monthly wage at the same amount as that set in the Commission's subsequently issued notice of average monthly wage. Apparently sometime shortly before the issuance of the Commission's notice on July 5, 1974, she changed addresses without notifying the

Commission, although she did notify the carrier. She testified that she made appropriate forwarding arrangements with the Post Office, but that the notice was not forwarded and that she did not receive it. While the hearing officer made no express finding on this issue, he did find as follows:

"9. Rule 4, R.Proc.I.C.A., provides:

'Address of Claimant

It shall be the duty and obligation of a claimant to at all times keep The Industrial Commission of Arizona and carrier advised of his address and place of residence. The address of his attorney or authorized representative shall not be sufficient to meet the requirements of this rule.'

"10. That the NOTICE OF AVERAGE MONTHLY WAGE issued by the Industrial Commission on July 5, 1974 was mailed to the applicant at her last-known address, as furnished by her to the Industrial Commission, and said Notice was not returned."

Concerning petitioner's physical and mental condition during the pertinent period, the record shows that petitioner was hospitalized and on medication during a substantial part of the five month delay period. On the other hand, the record reflects that she was able to return to employment in September for a short period of time before moving from Flagstaff to Tucson, where she was again hospitalized in the latter part of October. The testimony reflects that although she claims some initial confusion on her part concerning the average monthly wage set by the carrier in its June 5th notice of claim status, she contacted the carrier's representatives for an explanation, and there is nothing in the record to show that she was not fully advised or did not thereafter fully understand the import of the average monthly wage setting, although she took no

action concerning the same until the filing of the request for hearing on December 5th.

The foregoing does not purport to be a detailed analysis of the evidence, but rather is merely a synopsis highlighting the contentions of the parties. Based upon all the evidence, the hearing officer found:

"11. That the applicant has presented no reason that would require or allow The Industrial Commission of Arizona to excuse her untimely filing on December 5, 1974 of a REQUEST FOR HEARING directed to the NOTICE OF AVERAGE MONTHLY WAGE issued by the Commission on July 5, 1974. That the applicant's delay in the premises is excessive, unfair, and unreasonable within the meaning of the Workmen's Compensation Law of Arizona, and the decisions of the Supreme Court of the State of Arizona in *Janis v. Industrial Commission*, [111 Ariz. 362, 529 P.2d 1179 (1974), reh. den.], *Chavez v. Industrial Commission*, [111 Ariz. 364, 529 P.2d 1181 (1974)], and *Parsons v. Bekins Freight*, 108 Ariz. 130, 493 P.2d 913 (1972)."

From a review of the entire record we cannot say that the hearing officer abused his discretion. The hearing officer was the judge of whether the reasons given by the petitioner established a meritorious position, and while the evidence might well have supported a contrary result, we find substantial evidence to support his determination. *Kleinsmith v. Industrial Commission*, 26 Ariz.App. 77, 546 P.2d 346 (1976), approved and adopted as the opinion of the Arizona Supreme Court, 113 Ariz. 189, 549 P.2d 161 (1976).

The award is affirmed.

NELSON and WREN, JJ., concurring.