560 P.2d 1268

CONGRESS INDUSTRIES, INC., an Arizona Corporation, Maricopa Ventures, Inc., an Arizona Corporation, Bag Nap, Inc., an Arizona Corporation, Richard S. Berry and Jean Berry, husband and wife, Seymour J. Tash and Joy Tash, husband and wife, and Gerald Barnes and Shirley Barnes, husband and wife, Appellants,

v.

FEDERAL LIFE INSURANCE COMPANY (MUTUAL), an Illinois Corporation, Appellee.

No. 1 CA–CIV 3137.

Court of Appeals of Arizona, Division 1, Department A.

Jan. 18, 1977.

Rehearing Denied Feb. 16, 1977.

Review Denied March 15, 1977.

---

1. This section was amended effective August 1, 1975, but presents no changes material to this appeal.

Berry & Herrick, P.A. by Richard S. Berry, Tempe, for appellants.

Streich, Lang, Weeks, Cardon & French by Michael A. Yarnell, Phoenix, for appellee.

## OPINION

SCHROEDER, Judge.

This is an action for foreclosure of a mortgage. The essential question is whether there was a default on the part of the mortgagor when payment of a check representing three months' installments was

stopped by the title company which drew the check. The trial court entered a summary judgment of foreclosure, and the mortgagor appeals.

The facts are that in April 1973, Fort Wayne Mortgage Co. made a mortgage loan to Maricopa Ventures, predecessor in interest of appellant Congress Industries. Security was a certain office complex in Tempe. Fort Wayne later transferred the mortgage to the appellee, Federal Life Insurance, and entered into a servicing contract whereby Fort Wayne was to service the mortgage. Payments on the mortgage were made on behalf of appellant by Minnesota Title Company.

In May 1974, Minnesota Title issued a check representing payments of the mortgage installments for May, June and July. The check was transmitted to Fort Wayne, which deposited it, sent its own check to Federal Life in that amount, and submitted the Minnesota Title check for collection. Prior to final payment on the check, Minnesota Title stopped payment, apparently in the belief that there were insufficient funds in appellant's account to cover the check. A separate action by appellant against Minnesota Title is also pending, but is not related to our disposition of this appeal.

Upon learning of the check's dishonor, appellee reversed the credit entry reflecting payment of the obligation and made demand upon appellant for the three monthly installments. Appellant did not make any further payments, and appellee then accelerated the debt and brought this foreclosure action.

■ Appellant has contested the foreclosure on several grounds. The first is that when Minnesota Title issued the check and Fort Wayne accepted it, appellant's obligation was satisfied. However, the law is clear that absent a specific agreement to the contrary, issuance and acceptance of an ordinary check in and of itself is only provisional satisfaction of a debt, and the obligation is not fully satisfied until payment on the check is made. A.R.S. § 44–2576(A)(2) [U.C.C. § 3–802] provides:

"A. Unless otherwise agreed where an instrument is taken for an underlying obligation:

"2. . . . the obligation is suspended pro tanto until the instrument is due or if it is payable on demand until its presentment. If the instrument is dishonored action may be maintained on either the instrument or the obligation;"

Comment 3 to the official text under that section says:

"It is commonly said that a check or other negotiable instrument is 'conditional payment.' By this it is normally meant that taking the instrument is a surrender of the right to sue on the obligation until the instrument is due, but if the instrument is not paid on due presentment the right to sue on the obligation is 'revived.' Subsection (1)(b) [A.R.S. § 44–2576(A)(2)] states this result in terms of suspension of the obligation, which is intended to include suspension of the running of the statute of limitations. On dishonor of the instrument the holder is given his option to sue either on the instrument or on the underlying obligation."

■ Appellant argues that even if the record on this summary judgment does not fully establish an agreement to accept the check as satisfaction of the underlying obligation, there remains a question of fact concerning such an agreement which should have precluded granting of summary judgment in appellee's favor. The only support in the record for this position is the testimony of one of Fort Wayne's officers that the company as a matter of practice accepted checks of title companies. We cannot infer from this testimony, however, any possibility that acceptance of the check was tantamount to acknowledgment of payment of the underlying obligation. The obligation was merely suspended pending collection or rejection of the instrument. A.R.S. § 44–2576. In this jurisdiction it is clear that even under a much stronger showing than any plausibly suggested in this record, acceptance of a check is not an agreement to

discharge an underlying obligation. *Steele v. Vanderslice*, 90 Ariz. 277, 367 P.2d 636 (1961).

Alternatively, appellant argues that by virtue of the accounting transactions which took place between Fort Wayne as servicing agent and Federal Life as holder of the mortgage, Federal Life's books at one time reflected payment. Appellant contends that Federal Life acted at its own peril when it reversed its ledgers to reflect that it had never received payment, and concludes that once Federal Life's books reflected payment, it lost any right to proceed in a foreclosure action.

Appellant nevertheless acknowledges that its own underlying obligation to make the payments on the mortgage remained, and it is clear that the appellant's mortgage authorized foreclosure in the event of such failure to make payments. Appellant offers no legal justification or authoritative support for its theory that somehow its obligation on the mortgage was affected by the transactions between the servicing company and the holder of the mortgage. Moreover, the affidavits in the record indicate that the credit which Federal Life received from Fort Wayne was merely provisional and was conditioned upon the ultimate receipt of proceeds from the Minnesota Title check.

Finally, appellant contends that the Minnesota Title check itself constituted payment of the underlying obligation because the check was drawn by a "bank." Reliance here is on A.R.S. § 44–2576(A)(1) [U.C.C. § 3–802(1)(a)]. That section provides:

"A. Unless otherwise agreed where an instrument is taken for an underlying obligation:

"1. The obligation is pro tanto discharged if a bank is a drawer, maker or acceptor of the instrument and there is no recourse on the instrument against the underlying obligor . . . ."

Thus the underlying obligation is *pro tanto* discharged upon acceptance of an instrument drawn on a bank in which there is no recourse against the underlying obligor. But as discussed above, in other circumstances the underlying obligation is merely suspended. The question here then becomes whether the title company can be considered a bank within the meaning of this section.

Under A.R.S. § 44–2208(4) [U.C.C. § 1–201(4)], a bank is defined as "any person engaged in the business of banking". The U.C.C. does not further define the business of banking, but a definition is provided in A.R.S. § 6–201(B) of our banking regulation statute. This section defines banking as "the business of receiving money on deposit subject to payment by check or any other form of order or request or on presentation of a certificate of deposit or other evidence of debt . . . ."

There is nothing in this record showing that the title company in fact was in the business of receiving deposits subject to demand payments, or that it held itself out as a bank. There is no basis for a holding as a matter of law that a title company is a bank, and our review of the record shows that the appellant did not ever raise either such a legal contention or any factual basis to support it before the trial court. We therefore conclude that the provisions of A.R.S. § 44–2576(A)(1) do not apply to the Minnesota Title Company check.

In short, the appellant has never paid installments due under its mortgage although having been given notice and an opportunity to do so. The trial court properly ordered foreclosure.

Affirmed.

DONOFRIO, P. J., and NELSON, J., concurring.