597 P.2d 188

Ray SCROGGINS, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Citizens Utilities Company, Respondent Employer,

The State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 1947.

Court of Appeals of Arizona, Division 1, Department C.

April 12, 1979.

Rehearing Denied June 1, 1979.

Review Denied July 10, 1979.

Davis, Eppstein & Tretschok, P.C., Tucson, by Philip Hall, Tucson, for petitioner.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, The State Compensation Fund, Phoenix, by Robert T. Wilson, Tucson, for respondents employer and carrier.

EUBANK, Presiding Judge.

Ray Scroggins, petitioner, brings this Special Action—Industrial Commission to protest an award denying reopening of his industrial injury claim. We affirm the award.

Petitioner was injured on January 8, 1973, when an electrical switching cabinet exploded while he was near it. He was thrown to the ground by the explosion and struck his left shoulder and head. Petitioner's claim for workmen's compensation benefits was accepted by the carrier and he was treated for burns, visual and dental problems. Petitioner claims that he suffered from additional pain in his neck and shoulders but he received no medical treatment for these problems until approximately 18 months after the explosion. In early 1974 petitioner's claim was closed, without protest, with a scheduled disability award for the loss of one tooth.[1] Following the closing of his claim, petitioner sought treatment for the neck and shoulder problems which he alleges had never subsided since the date of injury.

On December 1, 1976, petitioner filed the petition to reopen his claim which is the subject of this special action. Accompanying the petition was a medical report dated June 25, 1975, signed by Robert G. Volz, M.D., and another report signed by an ophthalmologist, Charles S. Smith, M.D., dated June 26, 1974. The petition to reopen was denied by the carrier and petitioner timely requested a hearing to protest the denial. After the hearings, the hearing officer issued his findings and award denying the petition to reopen. Petitioner requested review, the award was affirmed, and this special action resulted.

Petitioner initially attacks the award because the hearing officer relied extensively on our holding in *Blickenstaff v. Industrial Commission*, 116 Ariz. 335, 569 P.2d 277 (App.1977) in finding the medical reports to be inadequate and too distant in time to

support the petition to reopen. Petitioner claims that *Blickenstaff* is inapposite to the facts in this case. Petitioner also contends that any defects in the medical reports were waived by the carrier's failure to raise the issue.

■ We agree with petitioner's last contention and hold that the hearing officer should not have applied the *Blickenstaff* rules relating to sufficiency of the medical reports because the carrier did not question their adequacy. As we stated in *Blickenstaff*:

In our opinion the statutory requirement that a physician's report be attached to the Petition to Reopen is for the purpose of allowing the administrative decision to be made of either allowing or denying the petition, based upon this comparative analysis.

*Id.* at 339, 569 P.2d at 281. Since "the administrative decision to be made" is the carrier's decision, its failure to object to the sufficiency of the medical reports constituted a waiver of the objection and the issue should not have been *sua sponte* raised by the hearing officer. *See Arizona State Welfare Dept. v. Industrial Commission*, 25 Ariz.App. 6, 540 P.2d 737 (1975).

■ The award must nonetheless be affirmed, however, because the hearing officer made alternative findings which are sufficient to justify his denial of the reopening petition. Findings number five and six state:

5. In order to reopen a claim, it must be shown that a new, additional or previously undiscovered temporary or permanent condition exists as a result of the industrial injury. A.R.S. § 23–1061; *Adkins v. Industrial Commission*, 95 Ariz. 239, 389 P.2d 118 (1964). It has further been determined that evidence establishing a change in condition must be comparative and not absolute in nature. *Arizona State Welfare Department v. Industrial Commission*, 25 Ariz.App. 6, 540 P.2d

---

1. Approximately 28 months after the scheduled award was issued, petitioner filed a request for hearing to protest the closing. The hearing officer refused to excuse the untimely protest and his refusal was subsequently affirmed by this Court in a memorandum decision, *Scroggins v. Industrial Commission*, 1 CA–IC 1744 (filed September 7, 1978).

737 (1975). The Arizona Courts have further stated that whatever issues were determined or could have been determined in the original FINDINGS AND AWARD are res judicata if not timely appealed. *Ringgold v. Industrial Commission*, 21 Ariz.App. 273, 518 P.2d 592 (1974). In the case under consideration herein not only are the medical reports untimely as to the PETITION TO REOPEN *but also the conditions of which the medical reports speak were in existence at the time of the closure of the case in 1974 and would have been known had the applicant simply filed a REQUEST FOR HEARING within the required sixty-day time limit.*

6. Based upon the foregoing discussion of the law and the evidence in this case, the PETITION TO REOPEN should be dismissed for failure to accompany it with a proper medical report and, *further, the conditions for which the reopening is requested existed at the time of the closure of the case and are, therefore, not comparative nor are they new, additional or previously undiscovered conditions.* (Emphasis added).

The record supports the hearing officer's conclusions that petitioner knew of his neck and shoulder problems at the time his claim was closed, and that there is no comparative evidence showing these problems to be either new, additional or previously undiscovered as required by A.R.S. § 23–1061(H). Petitioner has, therefore, failed to prove all the essential elements for reopening his claim and reopening was properly denied.

The award is affirmed.

HAIRE and FROEB, JJ., concur.