680 P.2d 1209

Richard L. HOLLER, Petitioner Employee,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Mort's Body Shop, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 2805.

Court of Appeals of Arizona, Division 1, Department C.

July 26, 1983.

Rehearing Denied Oct. 6, 1983.

Review Granted Nov. 1, 1983.

Tretschok, McNamara & Clymer, P.C. by Dale D. Tretschok, Tucson, for petitioner.

James A. Overholt, Chief Counsel, The Industrial Com'n of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by Smith Michael, Tucson, for respondents Employer & Carrier.

OPINION

CONTRERAS, Judge.

This is a special action review of a January 21, 1982, Industrial Commission award dismissing an untimely filed request for hearing which sought to protest an average monthly wage determination. The issues

are (1) whether A.R.S. § 23–947(B)(1)[1] excuses the late request, and (2) assuming no excuse, whether this subsection is constitutional. Because we conclude that the subsection of the statute is inapplicable to the attendant facts in this case and the subsection is constitutional, we affirm the award.

The petitioner employee (claimant) began working for the respondent employer (employer) in July 1980. He was injured at work in October 1980, and his claim was accepted. On January 6, 1981, the Industrial Commission notified him that it had been determined that his average monthly wage was $1,000.38. *See generally* A.R.S. § 23–1061(F). The notice further specifically advised claimant that if he did not agree with the notice and desired a hearing on the matter that he would have to submit a written request within ninety days after the date the notice was mailed. The concluding statement on the notice is printed in red capital letters and is underscored and states: "IF NO SUCH APPLICATION IS RECEIVED WITHIN THAT NINETY DAY PERIOD, THIS NOTICE IS FINAL."

Claimant acknowledged receipt of this notice. He assumed the average monthly wage was correct because he "relied on [his] ... employer to have done it right." Shortly after receiving this notice, he received his W–2 form from his employer and made some rough calculations based on the wage information reflected in his W–2. Although this newly calculated figure differed from the average monthly wage set forth in the notice, he nevertheless did nothing about it and continued to rely on the average monthly wage as set forth in the notice.

In June or July 1981, claimant consulted his present attorney on an unrelated mat-ter. The attorney informed him that the average monthly wage as set forth in the notice was incorrect. Subsequent investigation revealed that the employer had inadvertently omitted claimant's last two weeks' wages from the wage base used to calculate the average monthly wage.

Claimant filed a late request for hearing protesting the average monthly wage determination. After a hearing, the administrative law judge issued an award dismissing the hearing request. The dispositive findings were as follows:

4. It thus appears that on receiving the NOTICE OF AVERAGE MONTHLY WAGE in question, the applicant "just assumed" that the said Notice was "done ... right" or "just assumed" that his employer had "done it right." No reason, justifiable or otherwise, was presented for this assumption or reliance. It further appears that in the early part of January of 1981, the Notice in question "didn't look right" to the applicant, "but (the applicant) just—I never done anything about it" .... The applicant again testified that he continued to rely on his employer. Again, no reason, justifiable or otherwise, was presented for this reliance. This is not a case in which extra-documentary representations by the insurance carrier are alleged. This is a case in which the applicant elected to rely upon the document in question without any other representations made by the insurance carrier, and while knowing that the document in question "didn't look right". The applicant "just ... never done anything about it", for reasons known only to the applicant. Even when the said NOTICE OF AVERAGE MONTHLY WAGE

---

1. A.R.S. § 23–947 states in relevant part:
    A. A hearing on any question relating to a claim shall not be granted unless ... such request for a hearing is filed within ninety days after the notice sent under the provisions of subsection F of § 23–1061....
    B. As used in this section, filed means that the request for hearing is in the possession of the commission. Failure to file with the commission within the required ninety days by a party means that the determination by the commission, insurance carrier or self-insuring employer is *final and res judicata to all parties. The industrial commission or any court shall not excuse a late filing unless any of the following apply:*
    1. The person to whom the notice is sent does not request a hearing because of justifiable reliance on a representation by the commission, employer or carrier.
    (emphasis added).

"didn't look right" the applicant, after the applicant saw his W–2 form, which the applicant reported on his income tax for 1980, the applicant nevertheless "never done anything about it", but continued to "rely on your employer". Such reliance in such circumstances is not, on the record at bar, found to have been justifiable at the material times.

· 5. The evidence of record on point · does not bring the applicant within the ambit of the above-identified statute on point. The record does not reflect that . . . there was justifiable reliance on the carrier.

The award was affirmed on administrative review. This special action followed. *See* A.R.S. § 23–951; Rule 10, Arizona Rules of Procedure, Special Actions.

The first issue on appeal is whether A.R.S. § 23–947(B)(1) applies to this case. That subsection excuses a late hearing request if the recipient of the notice "does not request a hearing because of justifiable reliance on a representation by the commission, employer or carrier." We address in turn the claimant's arguments.

Claimant first argues that the administrative law judge misinterpreted the subsection to apply only if the carrier made the representation. This argument was never raised below. If the employer and carrier had objected to it for this reason, we would not consider the argument on appeal. *See generally Stephens v. Industrial Commission*, 114 Ariz. 92, 559 P.2d 212 (App.1977). Because they failed to object, however, we will consider the argument.

Findings four and five refer exclusively to carrier representations. This omission of reference to employer or commission representations, however, does not invalidate the award. The dispositive conclusion was that claimant's reliance was not justifiable. This conclusion alone supports the

award. If it is correct, then the possibility that the exclusive reference to carrier representations was error is immaterial. *See Scroggins v. Industrial Commission*, 123 Ariz. 35, 597 P.2d 188 (App.1979) (despite erroneous findings about sufficiency of medical reports, alternate findings sufficient to support the award).

Claimant next argues that he justifiably relied on his employer to supply correct wage information. The employer and carrier dispute this, and also deny that the average monthly wage determination itself was a representation under the subsection. Because the administrative law judge, in our opinion, correctly concluded that claimant's reliance was not justifiable, we need not address the more general question of whether this was a representation under the subsection.[2]

■ The term "justifiable reliance" in this subsection has not been interpreted previously. Claimant suggests an analogy to the law of fraud because it includes as one of its elements justifiable reliance on a misrepresentation. This analogy, however, does not support the interpretation of "justifiable reliance" that claimant proposes.[3] This standard applies to intentional misrepresentation only. *See* W. Prosser, *Law of Torts*, § 108 at 716 (4th ed. 1971). On the other hand, if the misrepresentation is unintentional, the standard of justification is reasonable diligence. *Id.* In the present case, the record is clear and it is undisputed that the employer, the carrier, and the commission had no intention of deceiving claimant. Accordingly, assuming that the proposed analogy applies, claimant's reliance was justifiable only if he acted with reasonable diligence.

■ Applying the reasonable diligence standard to this case, we agree with the administrative law judge's conclusion that

---

**2.** *McKaskle v. Industrial Commission,* 135 Ariz. 168, 659 P.2d 1313 (Ariz.App.1982), which held that an employer's denial of coverage estopped it from raising the new claim limitations period, is inapplicable since we conclude, as did the administrative law judge, that the claimant's reliance was not justifiable.

**3.** Claimant's proposed standard of justifiable reliance would not require reasonable diligence of the recipient.

claimant's reliance was not justifiable. Claimant received a notice that clearly informed him that he had a right to protest the average monthly wage determination and that he had 90 days within which to protest. Shortly thereafter, he received wage information from his employer (W–2 form) that appeared inconsistent with the previously issued average monthly wage determination. Instead of inquiring about the apparent inconsistency or protesting the average monthly wage determination, he did nothing until well after the passage of 90 days. This conduct was not reasonably diligent. *See generally* Annot., 43 A.L.R.3d 429 (1972).

A brief statement concerning the dissenting opinion. The dissent fights the facts clearly established in the record before us. It is clearly established that the miscalculation of the average monthly wage was due to an inadvertent omission by his employer in failing to include the last two weeks that claimant had logged prior to his injury in October of 1980. It is further established that claimant received his notice of average monthly wage in the first part of January 1981. Within a matter of days, claimant received his W–2 form from his employer. It was at that time that he made some rough calculations and, after doing so, concluded that "It didn't look right. . . ." This, in and of itself, militates against reliance. It is further established that notwithstanding the clearly expressed statement on the notice that he had 90 days to request a hearing if he disagreed with the notice, claimant did nothing until six months later. In view of these undisputed facts, "justifiable reliance" simply is not present.

**4.** Art. 18, § 8, provides in relevant part:
The percentages and amounts of compensation provided in House Bill No. 227 enacted by the Seventh Legislature of the State of Arizona, shall never be reduced . . . except by initiated or referred measure as provided by this Constitution.

**5.** Two additional judicially created exceptions were recognized. The first applied to clerical errors. *See, e.g., Industrial Indem. Co. v. Industrial Commission,* 27 Ariz.App. 296, 554 P.2d 892 (1976). This exception, however, is inapplicable to an average monthly wage determination based on mistaken wage information. *State*

■ The second issue presented is whether the restrictions on excusing untimely hearing requests in the present A.R.S. § 23–947 violate the Arizona Constitution.[4] To place this argument in its proper context, the following statutory history is relevant.

H.B. 227, Laws 1925, Ch. 83, did not contain a provision for requesting a hearing to protest an award. Industrial Commission rules of procedure, however, provided for a rehearing procedure, but only if the application was filed within twenty days. *See, e.g., Hale's Estate v. Industrial Commission,* 78 Ariz. 202, 277 P.2d 1014 (1954) (citing Rule 37, Arizona Rules of Procedure of the Industrial Commission). The award became final unless the application for rehearing was timely filed. *Id.* No exceptions were recognized. *Id.*

A statutory hearing procedure was first adopted in 1968. *See* Laws 1968, 4th S.S., Ch. 6, § 20. It required a request for hearing to be filed within sixty days and did not provide any express exceptions to this limitations period. In 1972, however, a judicially created exception was recognized. *See Parsons v. Bekins Freight,* 108 Ariz. 130, 493 P.2d 913 (1972) (permitting the Industrial Commission to excuse an untimely hearing request if there was a meritorious excuse, the delay was not excessive, and the effect was nonprejudicial to the carrier).[5] This exception applied to untimely protests of average monthly wage determinations. *See Chavez v. Industrial Commission,* 114 Ariz. 364, 529 P.2d 1181 (1974).

*Compensation Fund v. McComb,* 16 Ariz.App. 303, 492 P.2d 1241 (1972). Consequently, this exception is inapplicable to the present case, and we need not determine how the present A.R.S. § 23–947 affects it.
The second applied to representations that estopped the employer or carrier from relying on the limitations period. *E.g., Van Horn v. Industrial Commission,* 111 Ariz. 237, 527 P.2d 282 (1974). Subsection 947(B)(1) retains this exception. *See McKaskle v. Industrial Commission,* 135 Ariz. 168 at 174, 659 P.2d 1313 (Ariz. App.1982) (dictum).

The present A.R.S. § 23–947 eliminates the *Parsons* exception. *See Roman v. Ariz. Dep't of Economic Sec.*, 130 Ariz. 581, 637 P.2d 1084 (App.1981). Claimant argues that the legislative elimination of this judicially created exception violates art. 18, § 8, of the Arizona Constitution. We disagree.

In support of his argument, claimant relies on *Adkins v. Industrial Commission*, 95 Ariz. 239, 389 P.2d 118 (1964). That case involved an amendment to A.R.S. § 23–1044(F) restricting rearrangement to changed physical conditions only. This restriction on the substantive right to rearrange was held to contravene art. 18, § 8. *Id.* at 246, 389 P.2d at 125. Art. 18, § 8, however, applies to substantive changes only. *Id.* at 245, 389 P.2d at 124. A statute of limitations ordinarily is characterized as procedural even though its effect is determinative. *See, e.g., Ross v. Ross*, 96 Ariz. 249, 393 P.2d 933 (1964). Section 23–947 is clearly analogous to a statute of limitations. We are unpersuaded that a different characterization should apply in this case. Accordingly, the amendment of A.R.S. § 23–947 does not violate art. 18, § 8 of the Arizona Constitution.

For the foregoing reasons, the award is affirmed.

BROOKS, J., concur.

CORCORAN, Judge, dissenting:

Claimant is an automobile body man who had not made an industrial claim before the one presented in this case. He submitted a workman's report indicating he was injured on October 27, 1980. The carrier sent to the commission a recommended annual monthly wage calculation of carrier indicating that claimant was employed from July 7 through October 26, 1980, that he had been paid $3,683.50 for those 112 days at the rate of $32.89 per day. The daily wage was multiplied by 30.416, the number of days in an "average month" resulting in an average monthly wage of $1,000.38. The recommendation by the carrier was based on information received from the employer. The recommendation was sent to claimant with a notice of claim status accepting the claim for benefits.

Thereafter the commission sent to claimant a notice of average monthly wage indicating that the "average monthly wage as independently determined by the Industrial Commission" is $1,000.38. The commission is statutorily mandated to make the independent determination. A.R.S. § 23–1061(F). *But see Stemkowski v. Industrial Commission*, 27 Ariz.App. 457, 556 P.2d 11 (1976), which was decided before the amendment to A.R.S. § 23–947 as set forth in footnote 1, Laws 1980, Ch. 246, § 25. The record does not disclose evidence that there was an independent determination of this figure by the commission. The figure is flat wrong. An independent determination would have disclosed exactly what "subsequent investigation" disclosed in the words of the majority: "Subsequent investigation revealed that the employer had inadvertently omitted the claimant's last two weeks' wages from the wage base used to calculate the average monthly wage."

Although, as the majority points out, "the carrier and the commission had no intention to deceive the claimant," the claimant has been misled to his prejudice. The claimant stated that although the figure "didn't look right," he did nothing. Claimant was unsophisticated in these matters and was not represented by counsel. The notice to claimant which is part of the notice of average monthly wage indicates that "if you do not agree with this notice" a request for hearing must be made within 90 days. Simply because claimant thought the notice "didn't look right" does not mean that he did not agree with it.

Under the facts of this case, when the commission represented to claimant that it had "independently determined" his average monthly wage at $1,000.38, claimant was entitled to "justifiable reliance" on the representation regarding the determination and the amount which should excuse his late filing. A.R.S. § 23–947(B)(1).

I believe that the award should be set aside.