687 P.2d 365

ITT COURIER, Petitioner Employer,

Pacific Employers Insurance Company, Petitioner Carrier,

v.

INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Irene Frey, Respondent Employee.

No. 1 CA-IC 2837.

Court of Appeals of Arizona, Division 1, Department A.

March 20, 1984.

Reconsideration Denied May 25, 1984.

---

1. Generally on the issue of abandonment of a land contract by the purchasers see Annot. 68 A.L.R.2d 581.

Moore & Long by Joseph L. Moore, Phoenix, for petitioner employer and petitioner carrier.

Sandra Day, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Law Offices of Chris T. Johnson, P.C. by Dennis R. Kurth, Phoenix, for respondent employee.

## OPINION

GRANT, Judge.

The issues raised in this special action—Industrial Commission review are:

(1) Whether the Administrative Law Judge erroneously concluded that the Com-

mission did not have jurisdiction of the carrier's request for change of physician and request for hearing related to denial thereof;

(2) Whether the record supports a determination by the Administrative Law Judge denying the carrier's attempt to require a change of physicians.

Although the consolidated award also dealt with the employee's entitlement to surgical benefits, that particular portion of the consolidated award has not been challenged on appeal. Because we find support in the record for the ultimate determination denying the carrier's request that the treating physician be changed, we affirm the award.

### FACTS

Respondent employee, Irene Frey, sustained two industrial injuries while employed by ITT Courier (ITT). She injured her right elbow and right knee in a fall on October 25, 1979. In another fall on December 30, 1980, she injured her scalp and both hips. Petitioner, Pacific Employers Insurance Company (carrier), accepted both claims for benefits.

In July of 1981, a claims examiner for the carrier filed a request with the Industrial Commission that the claimant's medical care be transferred to an orthopedic surgeon other than the attending orthopedic surgeon, Willard S. Hunter, M.D. This request by the carrier was opposed by the employee through her attorney.

An administrative award was issued on July 22, 1981 which denied the carrier's request for a change of physicians. The carrier requested a hearing before the Hearing Division of the Industrial Commission on the administrative denial of its request. Contemporaneously, the employee filed a petition pursuant to A.R.S. § 23–1061(J) to require the carrier to pay for surgery recommended by Dr. Hunter. These matters were consolidated for hearing and formal hearings were conducted before the Industrial Commission on December 17, 1981, and January 22 and March 12, 1982.

On April 15, 1982, the Administrative Law Judge issued an award which granted the employee medical, surgical and hospital expenses for the contemplated hip surgery and ordered that the carrier's request for a change of physician be denied.

### JURISDICTION

The carrier argues that the Administrative Law Judge erroneously concluded that the Commission did not have jurisdiction of its request for change of physician and its request for hearing directed to the denial of request for change of physician.

In Finding 11 of the Award, the Administrative Law Judge ruled that it was improper for the claims representative of the carrier to request that the Commission order a change of physician. The judge ruled that the carrier, being a corporation, was not entitled to appear at any time before the Commission except by an attorney. In so ruling the judge relied on *Ramada Inns, Inc. v. Lane & Bird Advertising, Inc.*, 102 Ariz. 127, 426 P.2d 395 (1967), in which the supreme court said:

> A corporation cannot appear in court by an officer who is not an attorney, and it cannot appear in propria persona.

*Id.* at 128, 426 P.2d at 396.

■ The Commission claims department is not a court as that term is used in *Ramada Inns*. That case involved appearances by corporations in superior court and is not applicable here. The Administrative Law Judge erred in this finding. The initial determination on a request for change of physician is made in the claims department of the Commission by the assistant claims manager who is neither a lawyer nor a judge. The decision is administrative and as such does not require the appearance of an attorney.

■ As an alternative basis for denying jurisdiction to consider the merits of this matter, the Administrative Law Judge ruled that the request for change of physician was insufficient because the request did not specify an alternative doctor by

name. The judge in effect ruled that the request should be dismissed because it was technically deficient. Neither the applicable statute, A.R.S. § 23–1071, nor rule 13, R.Proc.I.C.A. (A.C.R.R. R4–13–113) requires that the name of a specific physician be provided in the request for change of physician. The Commission may not, by rule, impose more restrictive limitations in its procedures than those established by statute. *See Gila Valley Block Co. v. Industrial Commission,* 120 Ariz. 264, 585 P.2d 572 (App.1978).

The Administrative Law Judge also refused to accept jurisdiction on the basis that an improper ground (failure to receive medical reports) was stated in the initial request to change physician. Based on the rulings in *McNatt v. Industrial Commission,* 13 Ariz.App. 158, 474 P.2d 1010 (1970); *Zagar v. Industrial Commission,* 40 Ariz. 479, 14 P.2d 472 (1932); and *Salmi v. Industrial Commission,* 3 Ariz. App. 411, 415 P.2d 126 (1966), failure to comply with the statutes is not a basis for dismissal of the request. The Commission may deny the request but the party making it is entitled to a hearing on the denial. The Administrative Law Judge may not decline jurisdiction on the ground that the initial request was technically deficient. A case should be resolved on the merits, not on technicalities. *See Tucson Electric Power Co. v. Industrial Commission,* 139 Ariz. 80, 676 P.2d 1138 (Ariz.App.1983).

## AWARD

On review, the carrier takes exception to these findings in the award which were alternative bases for the denial of the carrier's request for a change of physician.

We find, however, upon review of the record, that the Administrative Law Judge's action is supported by several of the alternative findings made in the award. When alternative findings adequately support an award, this court will not set aside the award merely on the basis that other findings may have been erroneous. *See Scroggins v. Industrial Commission,* 123 Ariz. 35, 597 P.2d 188 (App.1979). An award which reaches the right result, although for the wrong reason, will generally be affirmed. *Salt River Project v. Industrial Commission,* 126 Ariz. 196, 613 P.2d 860 (App.1980).

In this case the ultimate result of the award, which was to deny the carrier's request for a change of physicians, is correct on the ground that the carrier failed to meet the requirements of A.C.R.R. R4–13–113 subsections (B) and (C) which govern such requests. That rule provides:

(B) Except as provided by law, an injured employee will not be permitted to voluntarily change from one hospital to another, or from one physician to another, without the written authorization of the insurance carrier or the Commission.

(C) The Commission may, upon application of an interested party or upon its own motion, order a change of a physician or conditions of treatment *when there are reasonable grounds to believe that the health, life or recovery of any employee is retarded, endangered, or impaired thereby, or where, in the judgment of the Commission, his recovery may be expedited.*

(Emphasis supplied.)

In the present case the carrier's initial request to the Commission for the change of physician failed to allege that a change of physician was necessitated on the grounds specifically set out by the rule. Rather, in its request the carrier alleged that the treating physician, Dr. Hunter, was refusing to cooperate with the carrier to the extent the carrier thought appropriate. We agree with the employee that the carrier's allegation was insufficient to require the Industrial Commission to grant a change of physician.

The award, however, does not rest solely on the carrier's failure to allege grounds recognized by the rule as proper grounds for a request for change of physician. Rather, testimony was taken at the hearings which also bore upon this issue. At the conclusion of the hearings, the Administrative Law Judge found that the carrier

had failed to show that a change of physician was required on the grounds set forth in A.C.R.R. R4–13–113(C) above. On review, the carrier contends that the only opinion pertinent to whether the treatment which is involved here, hip surgery, endangered the life, health or recovery of the employee was given through the testimony of the carrier's witness, Walter George, M.D. Dr. George testified that this particular employee, who has a long standing history of severe rheumatoid arthritis, would be at a significant risk should she undergo this type of surgery. Dr. George testified:

> Revision, hip surgery is difficult surgery in the best of circumstances with patients who have a reasonable reserve, and in patients such as this with long-standing chronic disease it's considerably more risky.

We do not agree that there is no evidence in the record which gives rise to a conflict of medical opinion regarding whether hip surgery should be undertaken in this employee/claimant's case. Dr. Hunter had been the employee's treating physician over a long period of years and it was his recommendation that the surgery take place. It is clear from Dr. Hunter's testimony as well as his medical reports, which were before the Commission, that, in Dr. Hunter's professional opinion, the surgery was the recommended mode of treatment for the employee at that time. A reasonable inference to be drawn from Dr. Hunter's requested authorization for the hip surgery is that he did not believe that the procedure unduly endangered the health, life or recovery of his patient. Thus, a medical conflict is presented by the evidence.

The award clearly resolves the conflict between Dr. Hunter and Dr. George in favor of Dr. Hunter and that resolution is supported by the record.

Based on the foregoing, the award is affirmed.

EUBANK and HAIRE, JJ., concur.