689 P.2d 557

**Harry M. PREVO and Phebe M. Prevo, husband and wife, Plaintiffs/Appellees,**

v.

**Lew McGINNIS, an unmarried man, Defendant/Appellant.**

No. 2 CA–CIV 5113.

Court of Appeals of Arizona, Division 2.

July 12, 1984.

Bilby, Shoenhair, Warnock & Dolph, P.C. by Harold C. Warnock, Tucson, for plaintiffs/appellees.

Schorr, Leonard & Felker, P.C. by Franklin O. Eldridge, Tucson, for defendant/appellant.

OPINION

BIRDSALL, Chief Judge.

This appeal arises out of a summary judgment foreclosing a deed of trust. The

action was filed when the appellant failed to make a payment of principal and interest due on the note secured by the deed. The payment was due on September 15, 1983 in the total amount of $238,531. The payment was to be made to the collection agent Lawyers Title of Arizona who notified the appellant, Lew McGinnis, in writing mailed July 14, 1983, of the amount due and that a cashier's check would be required for payment. On the due date, the appellant delivered a cashier's check for the principal due, $140,000, and his business check drawn on the Arizona Bank for the balance due in the amount of $98,525.[1] The agent issued a conditional receipt which stated, in part, "this payment accepted subject to clearance of check $1280 in the amount of $98,525 on September 16, 1983 A.M." At 10:40 a.m. on September 16, the supervisor of the accounts servicing department of Lawyer's Title called the Arizona Bank and inquired whether the check would clear and was told that the check was no good. Since she had been instructed by the attorney for the appellees that the collection agent was not to accept payment except in the full amount due by cashier's check and was not to accept any payment after the September 15 due date, she returned the two checks and informed the appellant that the payees had elected to start legal proceedings.

The record clearly establishes that no payment was made or even tendered after the due date, and nothing even suggests that there were at any time sufficient funds to cover the business check for $98,525.

We agree with the summary disposition made by the trial court. We believe it was incumbent upon the appellant to show that there was a genuine fact question concerning the value of the check, absent some other proof of payment.

The appellant's only opposition to the motion for summary judgment consisted of the affidavit of McGinnis, which does not aver that the check was good, and the affidavit of an employee concerning the

delivery of the checks to Lawyer's Title. The motion was heard on December 5 and taken under advisement. The hearing was not reported. On December 15 an opposition to motion for summary judgment was filed. Since it was dated November 25, it is possible that the court actually had it before the hearing. The only argument presented in the memorandum filed with the opposition goes to the sufficiency of an affidavit filed by the appellee. That affidavit was made by counsel for the appellee, and the facts averred therein are not critical to the questions of payment or default.

The court filed its under-advisement minute entry on December 16, and on January 9, 1984 the final judgment was entered. It was only after that, on January 24, that the appellant filed a motion to reconsider in which, for the first time, he raised the issues now argued on appeal. The trial court denied the motion to reconsider.

In this appeal the issues as framed by the appellant are:

1. The appellees' affidavits contained mere conclusions or were based on inadmissible hearsay and were insufficient to support summary judgment;

2. The trial court implicitly and improperly weighed the evidence in determining that the alleged existence of a material fact was merely apparent and not real;

3. The appellees after accepting payment by check, could not legally accelerate the note without presentment of and dishonor of the check by the issuing bank;

4. The appellees were obligated to make presentment and demand under the note as a precondition to acceleration.

Assuming, arguendo, that these issues were timely presented in the trial court, we find them to be without merit. We consider them in the order presented.

---

**1.** The $6.00 discrepancy is unexplained and neither party discusses it.

### The Sufficiency of the Affidavits

■ The appellant correctly argues that the affidavit of the supervisor of the collection agency is hearsay if offered to prove that the check was no good. However, the supervisor would have been permitted to testify to the conversation to prove why the checks were not presented to the drawee bank. Such testimony would not be hearsay. The terms of the conditional receipt were that the check must be good the morning of September 16. The collection agent had to contact the bank in order to determine if the condition would be met. Her conduct and the words spoken have independent legal significance, a non-hearsay use. *See* M. Udall & J. Livermore, Law of Evidence, § 122 (2d ed. 1982).

### Weighing the Evidence

■ The trial court did not have to weigh the evidence. The pleadings alleged a default in payment and the appellees' affidavits averred that no payment had been made. No pleading alleged payment and there was no evidence of payment other than the check, which we discuss next. There was nothing on appellant's side of the scale to weigh.

### Presentment

We do not believe it was necessary for the appellee to physically take the check to the bank and have it dishonored. If any facts even suggested the check was good or would have been made good, then this issue might have merit. We recognize that it has been held that a telephone call to a drawee bank is not a presentment under U.C.C. § 3–504 (A.R.S. § 44–2560). *Kirby v. Bergfield,* 186 Neb. 242, 182 N.W.2d 205 (1970). However, any reliance on that legal proposition in this case is misplaced. A.R.S. § 44–2557 sets forth those situations in which presentment is necessary. None are applicable here. This is not a suit upon the check. The appellant does not deny that he owed the payments due on September 15.

■ Furthermore, the cases cited by the appellant involve either circumstances showing that arrangements had been made to pay the involved check, *Hart v. Sims,* 702 F.2d 574 (5th Cir.1983); *Kirby v. Bergfield, supra,* or situations involving the liability of the drawee, *see Western Air and Refrigeration, Inc. v. Metro Bank of Dallas,* 599 F.2d 83 (5th Cir.1979). Presentment is primarily necessary to charge secondary parties. *Kirby v. Bergfield, supra.*

■ As we have said, the extended record before the trial court contained no evidence of payment other than the check. That check had been accepted subject to being paid the morning of September 16. The appellant contends that since the check was never presented to the bank for payment, it constituted payment or at least creates a material question of fact on the issue of payment. We disagree. In order for the check to constitute payment or to create a genuine fact question, it was incumbent upon the appellant to show the check would have been paid if presented. Nothing suggests that there were either sufficient funds in the account or the existence of an agreement with the bank to pay the check. By showing only the delivery of the check, the appellant has not satisfied his burden under Rule 56(e), Arizona Rules of Civil Procedure, 16 A.R.S., burden to controvert the affidavits.

■ Although that part of the affidavit of the collection agent relating the phone call to the bank is hearsay if offered to prove that the check would not be paid if presented, it is admissible to show why the check was not formally presented and why it was returned. This relieves the appellee from any burden of rebutting any possible presumption of payment which might arise from the delivery of the check. *See Juab County Department of Public Welfare v. Summers,* 19 Utah 2d 49, 426 P.2d 1 (1967). The giving of the check in itself does not constitute payment. *Fletcher v. Ray,* 220 Ark. 844, 250 S.W.2d 734 (1952). The burden of showing that there are funds on hand to meet a check is upon the drawer of the check. *Lester-Whitney Shoe Co. v.*

*Oliver Co.,* 1 Ga.App. 244, 58 S.E. 212 (1907).

A check is not payment of a debt unless, by express contract, it is so received. Where a creditor takes a check from his debtor, the presumption is that he has not taken it in absolute payment; rather the burden is upon debtor to prove, by clear and cogent evidence, that such check has been taken in absolute payment. *Credit Equipment Corporation v. Weston,* 315 S.W.2d 493 (Mo.App.1958); *Hickerson v. Con Frazier Buick Co.,* 264 S.W.2d 29 (Mo.App.1953). *And see Abry Brothers, Inc. v. Tillman,* 245 La. 1017, 162 So.2d 346 (1964), which recognizes as an almost universally accepted principle the following statement in 40 Am.Jur. 763, *Payment,* § 72:

> ... With the exception of a few jurisdictions, the authorities are unanimous in supporting the rule that giving of a draft or bank check by a debtor for the amount of his indebtedness to the payee is not, in the absence of an express or implied agreement to that effect, a payment or discharge of the debt, the presumption being that the draft or check is accepted on condition that it shall be paid. * * * The debt is not discharged until the check is paid, or the check is accepted at the bank at which it is made payable ....

To the same effect is 60 Am.Jur.2d, *Payment,* § 45 (1972).

### Acceleration of the Note

The note secured by the deed provided that, should default be made in any payment, the whole sum unpaid would immediately become due and payable without notice or demand. The payment being in default, the entire obligation was due and the commencement of the foreclosure was an exercise of the appellees' option to accelerate. *Barnett v. Hitching Post Lodge, Inc.,* 101 Ariz. 488, 421 P.2d 507 (1966); *Frei v. Hamilton,* 123 Ariz. 544, 601 P.2d 307 (App.1979).

The appellant argues that since the check was accepted, presentment and dishonor were necessary and that the acceleration was premature. This argument assumes that the check was accepted whereas, as we have discussed, the acceptance was conditioned on the payment of the check the next morning. A similar argument was decided adversely in *Congress Industries, Inc. v. Federal Life Insurance Company (Mutual),* 114 Ariz. 361, 560 P.2d 1268 (App.1977). While it is true that A.R.S. § 44–2576 provides that the obligation for which the check was given is suspended when the check is taken until the instrument is due or, if it is payable on demand, until its presentment, we believe under the facts of this case that the failure to present the check does not preclude the acceleration of the entire obligation absent some proof that the check would have been paid if presented. Otherwise the appellant would have successfully delayed the foreclosure of the deed by the delivery of a worthless check.

The trial court correctly found no genuine dispute of material fact.

Affirmed.