709 P.2d 895

**Annie M. WILSON, Petitioner Employee,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**National Broadcasting Company, Respondent Employer,**

**Traveler's Indemnity Company, Respondent Carrier.**

**No. 1 CA–IC 3147.**

Court of Appeals of Arizona, Division 1, Department B.

June 13, 1985.

Review Denied Nov. 5, 1985.

Robert Q. Hoyt, P.C. by Michael E. Larkin, Tucson, for petitioner employee.

Dennis P. Kavanaugh, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Law Offices of Christopher D.C. Hossack by James B. Stabler and JoAnn C. Gaffaney, Phoenix, for respondent employer and respondent carrier.

## OPINION

OGG, Judge.

In this special action review of an Industrial Commission award dismissing an untimely request for hearing, the petitioner, Annie M. Wilson, raises the following issues:

(1) Whether the ninety-day time limit for filing a request for hearing applies to a widow's request for hearing;

(2) Whether A.R.S. § 23–947 violates art. XVIII, § 8 of the Arizona Constitution;

(3) Whether A.R.S. § 23–947 violates the separation of powers doctrine;

(4) Whether A.R.S. § 23–947 violates equal protection and due process; and

(5) Whether A.R.S. § 23–947 abrogates *Parsons* and its progeny.

For the following reasons, we affirm the award.

On February 24, 1982, the deceased, Richard B. Wilson, sustained a fatal injury while working for respondent employer, National Broadcasting Company (NBC). His widow, Annie Wilson, retained counsel and on February 15, 1983 counsel filed a workman's report of injury. Counsel also filed a letter with the Commission indicating that he represented Wilson.

More than a year after the injury, on February 28, 1983, Wilson filed a widow's claim for compensation benefits. On March 11, 1983, the respondent carrier, Traveler's Indemnity Company (Traveler's) issued a notice of claim status denying the claim. This notice did not indicate which claim was being denied. The record does not establish that Traveler's was treating the two claims separately.

On June 13, 1983, Wilson requested a hearing to protest the denial of her widow's claim. On October 18, 1983, NBC and Traveler's moved to dismiss both the deceased's and the widow's claim. They alleged that the deceased's claim was improper because it had to be filed by his personal representative and that Wilson's claim was untimely. NBC and Traveler's also asserted that Wilson's request for hearing should be dismissed because it was untimely filed.

An informal conference was conducted in lieu of scheduled hearings. On November 15, 1983, the administrative law judge denied NBC and Traveler's motion to dismiss the claims; however, he did dismiss Wilson's untimely request for hearing. The award was affirmed on review and this special action followed.

Wilson argues that A.R.S. § 23–947, which provides a ninety-day time limit for filing a request for hearing, does not apply to a widow's request. NBC and Traveler's answer that this issue was waived because

it was not raised in the proceedings below. *Stephens v. Industrial Commission*, 114 Ariz. 92, 559 P.2d 212 (App.1977). Although Wilson concedes this point of law, she nevertheless asserts that this court should address the issue because the interpretation of this statute "is a question of general public nature affecting the interest of the state at large." *Ruth v. Industrial Commission*, 107 Ariz. 572, 490 P.2d 828 (1971). *See also Norcor of America v. Southern Arizona International Livestock Ass'n*, 122 Ariz. 542, 596 P.2d 377 (App.1979); *Love v. Double "AA" Constructors, Inc.*, 117 Ariz. 41, 570 P.2d 812 (App.1977). We agree and thus address the issue on the merits.

■ A.R.S. § 23–947 provides:

A. A hearing on any question relating to a claim shall not be granted *unless the employee has previously filed an application for compensation* within the time and in the manner prescribed by § 23–1061, *and such request for hearing is filed within ninety days after the notice sent* under the provisions of subsection F of § 23–1061 *or within ninety days of notice of a determination by the commission,* insurance carrier or self-insuring employer under § 23–1047 or § 23–1061 or within ten days of all other awards issued by the commission.

B. As used in this section, "filed" means that the request for hearing is in the possession of the commission. *Failure to file with the commission within the required ninety days by a party means that the determination by the commission, insurance carrier or self-insuring employer is final and res judicata to all parties.* The industrial commission or any court shall not excuse a late filing unless any of the following apply:

1. The person to whom the notice is sent does not request a hearing because of justifiable reliance on representation by the commission, employer or carrier.

2. At the time the notice is sent the person to whom it is sent is suffering from insanity or legal incompetence or incapacity, including minority.

3. The person to whom the notice is sent shows by clear and convincing evidence that the notice was not received.

C. The late filing shall not be excused under subsection B of this section if the person to whom the notice is sent or his legal counsel knew or, with the exercise of reasonable care and diligence, should have known of the fact of the notice at any time during the filing period. The late filing shall not be excused under subsection B of this section if it is shown by clear and convincing evidence that the notice was sent by mail or delivered personally to the last known mailing address or place of residence of the person to whom it is addressed and to his legal counsel, as shown on the records of the commission. (Emphasis added.)

A.R.S. § 23–947(A) states that an "employee" must file a request for hearing within 90 days of a notice. We believe, however, that the statute was intended to apply to all interested parties, not only to employees, but that this intent was defectively expressed. Our conclusion is supported by A.R.S. § 23–901(9), wherein "interested party" is defined to mean:

the employer, the employee, or if the employee is deceased, the *surviving spouse* or dependents, the commission, the insurance carrier or their representative. (Emphasis added.)

A.R.S. § 23–947 is furthermore a statute of limitations. *Holler v. Industrial Commission*, 140 Ariz. 148, 680 P.2d 1209 (App. 1983). Because carriers administer the processing of workers' compensation claims, *see* A.R.S. § 23–1061(F) and (G), the same time limits for filing a request for hearing should apply to all interested parties in order to effectuate the purpose of the limitation statute. Other procedural rules apply to all interested parties, including widows. For example, the one-year statute of limitations for filing a claim applies to all interested parties. A.R.S. § 23–1061(A).

■ Statutory provisions are also to be construed in harmony with each other. *S.H. Kress & Co. v. Superior Court of Maricopa County,* 66 Ariz. 67, 182 P.2d 931 (1947). Applying A.R.S. § 23-947(A) to all interested parties is consistent with subsection (B) of the statute, which refers to the 90-day filing requirement by "a party". Additionally, other provisions of the Workers' Compensation Act support this interpretation. For example, A.R.S. § 23-941(A), which governs hearing rights and procedures, provides that "subject to A.R.S. § 23-947, any interested party may file a request for hearing concerning a claim."

■ Statutes must also be given a sensible construction to avoid an absurd result. *Lake Havasu City v. Mohave County,* 138 Ariz. 552, 675 P.2d 1371 (App.1983). Excluding interested parties other than employees from the 90-day time limit for filing a request for a hearing would lead to such a result. An employee would have a 90-day protest period but other parties would have no prescribed time limit for protesting a determination. We find no logical reason to treat employees and interested parties other than employees differently. Although subsection (A) of A.R.S. § 23-947 inexplicably omits a reference to interested parties other than employees, to avoid an unreasonable result, we interpret the statute to apply to all interested parties.

### I.

■ Wilson additionally argues that A.R.S. § 23-947 eliminated substantive rights engrafted by judicial interpretation on the statute's predecessor and that elimination of these rights violates art. XVIII, § 8 of the Arizona Constitution. Article XVIII, § 8 provides in pertinent part:

The percentages and amounts of compensation provided in House Bill No. 227 (Laws 1925, Ch. 83) enacted by the Seventh Legislature of the State of Arizona, shall never be reduced ... except by initiated or referred measure as provided by this Constitution.

We have previously rejected this argument in *Holler v. Industrial Commission,* 140 Ariz. 148, 680 P.2d 1209 (App.1983), *aff'd in part, vacated in part,* 140 Ariz. 142, 680 P.2d 1203 (1984) (affirmed rejection of constitutional challenge).

### III.

■ The third argument presented by Wilson is that the legislature's enactment of the present or amended A.R.S. § 23-947 violated the separation of powers doctrine. According to Wilson, the judiciary has the exclusive power to declare existing law, and the legislature's enactment of the present statute encroached on this power.

Wilson's argument is clearly misplaced. Article III of the Arizona Constitution states:

The powers of the government of the State of Arizona shall be divided into three separate departments, the Legislative, the Executive, and the Judicial; and, except as provided in this Constitution, such departments shall be separate and distinct, and no one of such departments shall exercise the powers properly belonging to either of the others.

Under the separation of powers doctrine, the judiciary has the exclusive power to declare existing law and the legislature has the power to declare what the law shall be. *Chevron Chemical Co. v. Superior Court,* 131 Ariz. 431, 641 P.2d 1275 (1982); *see also Ahearn v. Bailey,* 104 Ariz. 250, 451 P.2d 30 (1969). The legislature usurps the functions of the court only if it declares the meaning of an existing law. *Martin v. Moore,* 61 Ariz. 92, 143 P.2d 334 (1943). The enactment of the present or amended A.R.S. § 23-947 was not a declaration of existing law. By enacting A.R.S. § 23-947, the legislature engaged in a constitutional legislative function.

### IV.

■ Wilson moreover contends that A.R.S. § 23-947 violates equal protection and due process. It is well settled by the Arizona Supreme Court that the equal protection and due process clauses are satis-

**266**

fied if all persons within a class are treated alike and there exists reasonable grounds for such a classification. *Findley v. Industrial Commission,* 135 Ariz. 273, 660 P.2d 874 (App.1983). As we have interpreted it, A.R.S. § 23–947 treats alike all interested parties requesting a hearing. Neither the ninety-day time limitation for filing a request for hearing nor the grounds for excusing a late filing are unreasonable. The statute provides for a procedure for orderly administration of a claim after it is filed.

Wilson relies on the Arizona Supreme Court's decision in *Kenyon v. Hammer,* 142 Ariz. 69, 688 P.2d 961 (1984), to support her position. *Kenyon,* however, is distinguishable because the case involved different treatment between malpractice claimants against health services and other malpractice claimants.

### V.

█ Finally, Wilson argues that the present A.R.S. § 23–947 does not abrogate prior case law. We disagree. As previously indicated, the statute provides only three grounds for excusing a late filing. This effectively eliminates prior case law that excused a late request for hearing where the facts demonstrated a meritorious excuse for the untimely filing of a request, no excessive delay in filing the late request, and no prejudice to the carrier. *Parsons v. Bekins Freight,* 108 Ariz. 130, 493 P.2d 913 (1972); *cf. McKaskle v. Industrial Commission,* 135 Ariz. 168, 659 P.2d 1313 (App. 1983) (dictum) A.R.S. § 23–1061(A), which provides for a one-year statute of limitations for filing a claim and abrogates the Commission's power to excuse an untimely filed claim where meritorious reason for the late filing was demonstrated. Thus, the administrative law judge did not err in finding prior case law inapplicable. Because we find Wilson's arguments to be without merit, we do not address those raised by NBC and Traveler's.

The award is therefore affirmed.

JACOBSON, C.J., and KLEINSCHMIDT, Acting P.J., concur.